# Cooper *et als. v.* Berney National Bank.

### Bill in Equity to Foreclose a Mortgage.

1. *A recorded mortgage of personal property is not void because the mortgagor is left in possession.*—A recorded mortgage, conveying both realty and personal property is not invalidated as to the personalty by reason of the fact that the mortgagor is left in possession of such personal property until default; the recording of a mortgage, as directed by the statute, is regarded as a substitute for a change of possession.

2. *Appointment of receiver, notwithstanding sale of property under attachment.*—The fact that non-secured creditors of a mortgagor have attached and sold the personal property mortgaged, does not defeat the paramount lien of the mortgage, so as to prevent the appointment of a receiver, on the application of the mortgagee, to take charge of the property; and this notwithstanding its sale under the attachment.

3. *A creditor can not claim under a mortgage which he attacks as fraudulent.*—A creditor, who has attacked the validity of a mortgage as having been made to defraud the mortgagor's creditors, can not insist that the mortgage so attacked, together with another previously executed, should be construed together as a general assignment for the benefit of all the mortgagor's creditors; one can not claim both under and against a mortgage.

4. *Mortgage given to secure a bona fide debt not void.*—Although the effect of a mortgage is to hinder, delay or defraud the mortgagor's creditors, and it was given for that purpose, yet, if the mortgagee did not participate in such intent, but accepted the mortgage for the sole purpose of securing a *bona fide* debt of the amount named in the instrument, the mortgage is not invalid because of such effect, or because of the fraudulent intent of the grantor.

5. *Mortgage on personal property; to be recorded in county where property is located.*—A mortgage on personal property situated in this State, but executed by a non-resident, should be recorded in the county in which the property is situated. (Code, § 1806.)

6. *Sufficient description of personal property in a mortgage.*—A mortgage on real estate and certain designated personal property, "and other implements," constituting a mining out-fit, "now at the mine

known as the P. Mine," contains a sufficient description of the personalty so conveyed, as to render it capable of ascertainment, though such description does not of itself identify all of the personalty.

APPEAL from the Chancery Court of Calhoun.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed April 29, 1890, by the Berney National Bank, against Thomas H. Dunn, Fannie H. Dunn, C. J. Cooper & Co., W. A. Scarbrough, Eba Scarbrough, Flem Higgins and R. P. Thomason. The prayer of the bill was for the foreclosure of a mortgage, executed by Thomas H. Dunn and his wife, Fannie H. Dunn, and for the appointment of a receiver to take charge of the property covered by the mortgage, and for an injunction restraining the purchasers at a sale under an attachment from disposing of the property. A receiver was duly appointed and ordered to take charge of the property.

The mortgage, which was sought to be foreclosed, as is shown by the bill, and the mortgage itself, which is an exhibit thereto, was executed by Thomas H. Dunn and his wife, Fannie H. Dunn on December 29, 1887, and was given to secure a note bearing the same date, given by said Dunn to the Berney National Bank, and which matured ninety days after date. This mortgage conveyed certain described real estate and personal property, which latter was described therein as follows: "railroad track, tram cars, washers, engine, boiler, hoisting drum, mules, tools, scales, and other implements, now at the mine known as the Pendergrass mine." All of the property mortgaged was situated in Calhoun county, Alabama. This mortgage contained the following provisions: "It is further understood and hereby declared and agreed that the giving of this mortgage is not intended as a substitute for, or in any way to effect the said mortgage, dated the 8th of August, 1887, but that said mortgage is to remain in full force and effect as a security for the said debt, and that said note herein described for $9,038.22 is a renewal of the bills and notes specifically described in said mortgage of 8th of August, 1887, and that if the said Thos. H. Dunn, at any time should apply for and obtain from said party of the second part a renewal of said note for $9,038.22, or extension of his said debt in any form, both this mortgage, as well as the one of August 8th, 1887, shall stand and remain a security for such renewal or extension in whatever form it may be given. It is further understood and agreed that said Dunn is to remain in the possession of the premises and property hereby mortgaged, and to work the mines, until the maturity of said note." It was

also provided in said mortgage that upon the failure of said Dunn to pay the debt at its maturity, the mortgagee should have the right to take possession of the property and sell the same, and "to become the purchaser of any of said property in the same manner as any other person." There were several extensions of the note by the bank to Dunn, and the said mortgagor, Dunn, was permitted to remain in possession of the property until March 21, 1890. On the last named date, March 21, 1890, C. J. Cooper & Co., a mercantile firm doing business in Calhoun county, sued out in the Circuit Court of Calhoun county, an attachment against the said Dunn, which was levied upon the personal property conveyed in the mortgage. After the levy of this attachment, and after proper advertisement, the sheriff sold said property, as perishable property, on April 21, 1890, and at said sale the respondents W. A. Scarbrough, Eba Scarbrough, Higgins and Thomason became the purchasers of the property, and the sheriff delivered the same to them. The bill averred, that upon the demand by complainant from these purchasers for the surrender of the property so purchased, they refused to deliver the property unto the complaint; and the injunction prayed for was to restrain them from selling or disposing of any of the property so purchased by them.

In answer to the bill, the respondents, C. J. Cooper & Co. averred that they were creditors of the said T. H. Dunn at the time of the execution of said mortgage to the complainant, and they further alleged that said mortgage was made by said Dunn for the purpose of hindering, delaying and defrauding his other creditors; that it was fraudulent and void by reason of the reservation of a benefit to said Dunn, in that he was left in possession of said property, and given the use of the property until the law day of the mortgage, and a long time thereafter, to the injury of his other creditors; and that the mortgages executed on August 8th and December 29, 1887, should be construed to be a general assignment for the benefit of all his creditors.

Subsequent to the filing of the bill, a judgment was rendered in the Circuit Court against Thomas H. Dunn, in favor of C. J. Cooper & Co., condemning the property levied upon under the attachment to the satisfaction of the judgment, and ordering the proceeds of the sale thereof to be delivered into court. These facts were pleaded by the respondents by special pleas, but, on motion of the complainant, these pleas were stricken from the file. The respondents demurred to the bill, on the ground that it contained

no equity, and that the complainant had an adequate remedy at law. The chancellor overruled this demurrer ; and upon the final submission of the cause, upon the pleadings and proof, granted the relief prayed for, and decreed that the complainant have a mortgage lien upon all of the property conveyed in the mortgage, and ordered a reference to the register to ascertain and report which of the personal property in the hands of the receiver was subject to the mortgage ; the respondents having alleged that certain portions of said property was not covered by the mortgage.

The present appeal is prosecuted by the respondents, and the decrees of the chancellor are here assigned as error.

MATTHEWS & WHITESIDE and E. H. HANNA, for appellant. The bill shows that the complainant had an adequate remedy at law.—*Curry v. Peebles*, 83 Ala. 225 ; *Tyson v. Brown*, 64 Ala. 244; *Shepperds v. Turpin*, 3 Grat. 373. The court erred in appointing a receiver.—*Dollins v. Lindsey*, 89 Ala. 217. The mortgage executed on December 29, 1887 was fraudulent as to existing creditors.—*Sims v. Gaines*, 64 Ala. 396; *Hubbard v. Allen*, 59 Ala. 296 ; 62 Ala. 243 ; 78 Ala. 98 ; 89 Ala. 446 ; 84 Ala. 592. The mortgage should have been recorded in Jefferson county, where the evidence showed Dunn resided.—*Pollak v. Davidson*, 87 Ala. 551; Code, § 1806. The mortgages of August 8, and December 29, 1887, should be construed as a general assignment.—*Danner v. Brewer*, 69 Ala. 191; *Holt v. Bancroft*, 30 Ala. 93.

CALDWELL & JOHNSTON, *contra.*—The mortgage was not fraudulent by reason of the mortgagor being left in possession.—*Dunlap v. Steele*, 80 Ala. 424 ; *Wiley v. Knight*, 27 Ala. 346 ; *McWilliams v. Rodgers*, 56 Ala. 87 ; 1 Jones on Mortgages, §§ 627, 664, 657, 658, 702 ; *Heflin v. Slay*, 78 Ala. 182 ; *Woodward v. Parsons*, 59 Ala 625 ; *McMillan v. Otis*, 74 Ala. 565 ; *Coker v. Shropshire*, 69 Ala. 542. To make the instrument fraudulent and void, as against creditors, there must be a fraudulent intent on the part of the grantor known to and participated in by the grantee, and it must be known to the grantee that the grantor is insolvent.—*Marshall v. Croom*, 60 Ala. 121; *Shealy v. Edwards*, 75 Ala. 411; *Hoyt v. Turner*, 84 Ala. 523 ; *Truss v. Davidson*, 90 Ala. 359.

THORINGTON, J.—The principles of law which govern the material questions raised on this appeal have been clearly settled by recent decisions of this court; testing the provisions of the mortgage, attacked by appellants as frau-

[Cooper et als. v. Berney National Bank.]

dulent and void, by these decisions we must affirm that it is not vitiated by anything appearing on the face of the instrument. '

That the mortgage by its terms provides for the retention of the property by the mortgagor and the use thereof until the law-day of the instrument, does not, in view of the nature of the property, invalidate the mortgage as to existing or subsequent creditors of the mortgagor, there being nothing on the face of the mortgage to indicate an intent on the part of the mortgagee to use the instrument to hinder, delay or defraud the mortgagor's creditors.

The statutory provisions regulating the registration of mortgages of personal property, by implication, recognize the right of the mortgagor to stipulate in the instrument for his retention of possession of the mortgaged property. As was said in *Howell v. Carden, ante p.* 100; 10 So. Rep. at p. 644, "The courts cannot pronounce a recorded mortgage of personal property void, as against unsecured creditors, merely because the mortgagor is left in possession; for the law permits that to be done, the recording being regarded as a substitute for a change of possession."

It is unnecessary to discuss the rulings of the Chancery Court upon the specific grounds of demurrer to the bill of complaint and the objections to testimony. The validity of the mortgage both as matter of law, upon an inspection of the instruments and upon the testimony, is clearly sustainable on the authority of the case of *Howell v. Carden, supra.*

The mortgage being a valid security there was no error in the ruling of the court striking the appellant's plea from the file on appellee's motion. The attachment and sales thereunder could not avail appellants against the paramount lien acquired by appellee through its mortgage, and which lien, under the facts alleged, authorized the appointment of a receiver to take charge of the property notwithstanding its sale under attachment.—*Dollins & Co. v. Lindsey & Co.,* 89 Ala. 217.

We can not consider the proposition urged by appellant, that the two mortgages of Aug 8, 1887, and Dec. 20, 1887, must be construed together as one general assignment enuring to the benefit of all the creditors of the mortgagor alike. Appellant has elected to attack the last mentioned mortgage as fraudulent and void; in doing that he claims against the mortgage and not under it. If the two instruments were executed under circumstances which would authorize the court to declare them one general assignment for the benefit of all the mortgagor's creditors, appellants have not pursued

[Cooper et als. v. Berney National Bank.]

the proper course to have them so declared. They can not be heard to claim both under and against the mortgage. *Hatchett v. Blanton,* 72 Ala. 423.

When we speak of the validity of the mortgage being established by the testimony, our meaning is that such must be the conclusion when tested by the principles declared in the case of *Howell v. Carden,* to which we have above referred. Among other things, it is said : "When the attacking creditor proves the existence of his debt at the time the mortgage was executed, the *onus* is then cast on the mortgagee to show that the debt, which the mortgage purports to secure, was justly due at the time of its execution. If this proof is made, and the evidence stops here, the attack upon the mortgage is not sustained. But the assailing party may go further, and prove that the mortgage was made with intent to hinder, delay or defraud the creditors or the mortgagor. In this inquiry as to the intent, the burden of proof is shifted upon the complaining creditor." And again : "Though the effect of the transaction was to hinder, delay or defraud the grantor's creditors, and though he executed the instrument with that purpose, yet if the grantee did not participate in such intent, but accepted the conveyance for the sole purpose of securing a *bona fide* debt of the amount named in the instrument, then the security could not be pronounced invalid because of its effect upon the rights of other creditors, or because of the fraudulent purpose of the grantor."

That a *bona fide* debt is established by the proof, for the security of which the mortgage was given, can not be doubted; and there is an absence of any affirmative proof, on the part of appellants showing actual fraud, which could be imputed to either the mortgagor or the mortgagee, unless it exists in the permissive retention and use of the personal property by the mortgagor after the law-day of the mortgage had passed. This fact, however, could not operate to invalidate the mortgage, unless it was within the agreement of the parties, at the time the mortgage was executed, that such possession should continue after the law-day of the mortgage for the purpose of benefitting the mortgagor, or of hindering, delaying or defrauding his other creditors in the collection of their debts. We find nothing in the proof to warrant such an inference.

The contention of appellants that the mortgagor was a resident of Jefferson county, and that, therefore, the mortgage should have been recorded in that county in order that it might be self-proving, and also operate as constructive notice as to the personal property embraced therein, is not

[Pearson v. King.]

sustained by the proof. It sufficiently appears that the mortgagor, Dunn, was a non-resident of this State when the mortgage was executed; that his family and home were in Mississippi, and that he was not a resident of Jefferson county, but there temporarily for business purposes. His brother, E. J. Dunn, in answer to the 2d cross-interrogatory propounded to him by appellants, says: "Thomas H. Dunn lived at Columbus, Miss, on the 29th day of December, 1887." There is proof tending to show that he lived in Birmingham, Ala in December, 1889; but that is not contradictory of the statement of his brother as to his residence in 1887, nor is there anything in the testimony to overcome that statement. The record of the mortgage was properly made, therefore, in the county where the property was situated at the date of the mortgage.—Code of 1886, § 1806.

It appearing from the proof that the property covered by the mortgage was in Calhoun county at the date of the mortgage, and the latter having been properly acknowledged and recorded within twelve months, there was no error in admitting it in evidence without proof of its execution. Nor was there error in that part of the decree of the Chancery Court referring it to the register to ascertain and report a statement of the personal property covered by the mortgage. The mortgage embraced real estate and certain designated personal property, "and other implements" constituting a mining outfit, and described as "now being at the mine known as the "Pendergrass mine." The description of this mining outfit in the mortgage does not of itself identify all the personalty included in its general terms, but is sufficiently definite to render the property referred to capable of certain ascertainment, and was a proper matter of reference to the register for that purpose.

There was no error in the proceedings and decree of the Chancery Court from which injury could have resulted to appellants; and its decree is accordingly affirmed.