FOREMAN v. BURLEIGH et al.

(Circuit Court of Appeals, First Circuit. May 24, 1901.)

No. 373.

BANKRUPTCY—APPEALS—WHO MAY APPEAL.

The court follows Chatfield v. O'Dwyer, 101 Fed. 797, 42 C. C. A. 30, to the effect that Bankr. Act 1898, § 25a, does not authorize an appeal to the circuit court of appeals by one creditor from a judgment of a court of bankruptcy allowing a claim of another creditor, but such an appeal can only be taken by the trustee.[1]

Appeal from the District Court of the United States for the District of Massachusetts.

On Motion to Dismiss Appeal.

Bancroft G. Davis, for appellant.

William C. Wait (Elder, Wait & Whitman, on the brief), for appellee Burleigh.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. This is a motion to dismiss an appeal taken from a decision of the district court for the Massachusetts district, sitting in bankruptcy. We have been referred to Chatfield v. O'Dwyer, 42 C. C. A. 30, 101 Fed. 797, decided by the circuit court of appeals for the Eighth circuit on May 21, 1900, and In re Roche, 42 C. C. A. 115, 101 Fed. 956, decided by the circuit court of appeals for the Fifth circuit on May 1, 1900. Each court apparently considered the case without any information that the other court had the same, or a similar, question before it. Certainly, neither case makes any reference to the other. Chatfield v. O'Dwyer is on all fours with the case at bar. It carefully considered the question involved in the motion to dismiss now pending before us, and the court directly concluded its consideration in favor of dismissal. On the other hand, In re Roche gave the question involved here but slight consideration, because it was complicated with another proposition, on which the

[1]Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.

decision might clearly have turned, as appears by what is said on page 117, 42 C. C. A., and page 958, 101 Fed., as follows:

"The record in this case shows that the appellant, as a creditor of the bankrupt, is directly interested in the judgment complained of, not only as a general creditor of the bankrupt, but as having a special lien on the sum in the hands of the trustee."

It can well be said that the case turned on the latter fact, and that what appears beyond that is dictum. Certainly, there is no reason for believing that, if the court in the Fifth circuit had had before it the single question which we now have, and also the decision in the Eighth circuit, it would not have followed it. Under the circumstances, Chatfield v. O'Dwyer is necessarily directly in point, while In re Roche is not. The danger of following expressions found in an opinion, and not necessary to the decision of the pending case, was expressed by us in Beal v. City of Somerville, 1 C. C. A. 598, 50 Fed. 647, 652, 17 L. R. A. 291. Late illustrations of the fact will be found in McCormick Harvesting Mach. Co. v. Aultman-Miller Co., 169 U. S. 606, 611, 18 Sup. Ct. 443, 42 L. Ed. 875, and in Bryan v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. ——, in which the court recalled a very important expression in Bardes v. Bank, 178 U. S. 524, 538, 20 Sup. Ct. 1000, 44 L. Ed. 1175. Consequently the decision in Chatfield v. O'Dwyer is authoritative, while otherwise in Re Roche.

As the question involved is a doubtful one of statutory construction, and as, therefore, it follows that the circuit court of appeals for the Eighth circuit could not have made any plain error, we, in accordance with our settled rule, follow it.

The appeal is dismissed, with costs for the appellee Burleigh on the motion to dismiss.