## In re CHAKOS.

### CROCKER et al. v. CHAKOS et al.

Circuit Court of Appeals, Seventh Circuit.
March 6, 1928.

No. 3998.

1. Bankruptcy ⟐396(5)—Homestead ⟐35—Occupancy of property as homestead determines whether it is exempt as such, and fact that bankrupt moved into property to create homestead is immaterial (St. Wis. 1927, § 272.20).

Under St. Wis. 1927, § 272.20, providing for homestead exemption to the extent of $5,000, sole question in ascertaining whether homestead exists is whether property is occupied as a homestead, and fact that occupancy is for long or short period, or that bankrupt moved into the property for express purpose of creating a homestead therein, and preventing creditors from levying on $5,000 worth of his property, is immaterial.

2. Bankruptcy ⟐396(5)—Bankrupt's parol executory contract to sell property claimed as homestead held not to affect his right to exemption (St. Wis. 1927, § 272.20).

Under St. Wis. 1927, § 272.20 providing for homestead exemption to extent of $5,000, which exemption extends to proceeds of sale of homestead for two years for purpose of reinvestment in another homestead, fact that bankrupt had entered into executory parol contract for sale of property claimed as homestead did not affect his right to claim exemption.

3. Bankruptcy ⟐224—Referee's jurisdiction extends only to determining questions of title affecting bankrupt's property, and referee had no jurisdiction of creditor's claim against bankrupt's former partner.

Jurisdiction of referee in bankruptcy extends only to determination of all questions of title affecting bankrupt's property, and referee therefore properly held that he had no jurisdic-

tion of controversy between bankrupt's creditor and bankrupt's former partner, in which creditor claimed that former partner was liable for part of his claim as partnership liability, creditor's remedy, if such former partner should be adjudicated a bankrupt as member of original partnership, being by prosecuting petitions in bankruptcy, in view of Bankruptcy Act, § 5h (11 USCA § 23).

**4. Bankruptcy ⬤=>451—Bankruptcy referee's decision as common-law arbitrator held not within appellate jurisdiction of Circuit Court of Appeals.**

Decision of referee in bankruptcy as a common-law arbitrator of controversy between bankrupt's creditor and former partner of bankrupt was beyond the appellate jurisdiction of the Circuit Court of Appeals in reviewing an order in bankruptcy.

**5. Bankruptcy ⬤=>161(1)—Assignment of rents four months before bankruptcy is not preference, because rentals are collected within four months' period.**

When an assignment of rents is made by bankrupt before the four months period, the transaction does not become a preference because of the fact that the rentals are collected within the four months period; and this is true, though creditors are not notified of the assignment.

**6. Bankruptcy ⬤=>318(4)—Rent due on filing petition and damages for breach of lease are allowable as general claims against bankrupt's estate.**

Delinquent rentals due by bankrupt at time of filing of bankruptcy petition, and lessor's claim for damages for future breach of lease, are allowable as general claims against bankrupt's estate.

**7. Bankruptcy ⬤=>255—Lessor's claim for reasonable value of use of premises by bankruptcy trustee is payable as part of costs of administration, if premises were retained for estate's benefit.**

Lessor's claim for the reasonable value of use and occupancy of leased premises by lessee's bankruptcy trustee, accruing after bankruptcy and prior to surrender of premises by trustee, should be paid from the general estate as part of the costs of administration, if evidence shows that premises were retained for benefit of estate after adjudication.

**8. Bankruptcy ⬤=>474—Lessor was not entitled to have reasonable value of use of premises by bankruptcy trustee, allowed as administration costs, paid from proceeds of mortgaged personalty.**

Lessor was not entitled to have reasonable value of use and occupancy of premises by lessee's bankruptcy trustee, which was allowed as costs of administration, paid from proceeds of sale of personal property located in leased premises, as against chattel mortgagee of such property; such mortgagee not being the user of the premises or the occupant thereof.

**9. Bankruptcy ⬤=>457—Creditor may not appeal from order of bankruptcy court, unless trustee fails to do so and court permits.**

A creditor may not appeal from the order of the District Court in bankruptcy, unless the trustee fails to do so and court gives him permission to appeal, preferably in name of trustee.

Appeal from the District Court of the United States for the Western District of Wisconsin.

In the matter of Steve Chakos, bankrupt. From an order of the District Court, affirming in part and in part reversing an order of the referee, determining validity and priority of mortgages held by Fred Karalis and another, and other matters, W. C. Crocker, Jr., trustee, and another appeal. Reversed, with directions, in part, and in part affirmed.

W. H. Frawley, of Eau Claire, Wis., for appellants.

Arthur W. MacLeod, of Eau Claire, Wis., for appellees.

Before ALSCHULER and PAGE, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge. The appellants appeal from an order of the District Court, wherein the latter affirmed an order of the referee in all particulars, except as to the disallowance of a homestead of the bankrupt, and as to such disallowance reversed the referee. The questions sought to be reviewed by the appeal are:

(a) Whether the bankrupt was entitled to a homestead;

(b) The validity of a mortgage held by one Fred Karalis;

(c) The validity of a mortgage held by William Chakos;

(d) The validity of an assignment of rents to Farr & Drummond;

(e) The propriety of the order of the referee in the District Court, refusing to entertain a petition by appellant Frawley against Gus Chakos and to cause said Chakos to plead to the said petition; and

(f) The validity and status of Frawley's claims for rent.

The determination of these questions involves some subsidiary contentions. The record discloses the following facts:

Steve Chakos was, upon an involuntary petition, adjudicated bankrupt in December, 1925. Some years prior to the bankruptcy, the bankrupt and his brother, Gus Chakos, were partners in a pool and billiard business, and while so associated purchased in 1920 from Farr & Drummond certain real estate for $25,000, paying therefor $12,500 in cash, and giving to the vendors a mortgage to secure the balance of $12,500, on which

there is now due the sum of $11,500, with interest as hereinafter stated. Two years later the two brothers, acting informally, but effectively, dissolved their partnership. The record discloses no partnership creditors at the time of said dissolution; consequently the firm was then solvent. The bankrupt, in purchasing the interest of his brother, Gus Chakos, paid therefor by executing and delivering to the latter a chattel mortgage on the pool hall fixtures, securing the sum of $4,731.35, and a real estate mortgage securing notes for $5,450, which was a second mortgage upon the property mortgaged to Farr & Drummond. Both mortgages were duly recorded. On September 9, 1925, Gus Chakos assigned the chattel mortgage to William Chakos, and on October 2, 1925, assigned the real estate mortgage to Fred Karalis. Both assignments were immediately recorded. This mortgage indebtedness is unpaid, and upon the chattel mortgage there is now due a sum exceeding the amount realized from the sale of the mortgaged property, and upon the real estate mortgage the sum of $5,450, with interest at 3 per cent. per annum from the date thereof.

In September, 1925, the bankrupt and his family moved into two or three rooms on the second floor of the real estate owned by the bankrupt, and continued to live there until the adjudication in bankruptcy. He and his family were in the actual occupancy of the same as a home from and after the removal thereto until after the adjudication in bankruptcy. The said bankrupt was insolvent at the time of the said removal, and moved into the property for the purpose of obtaining a homestead therein. He had entered into a parol contract of sale of said premises before he entered into the occupancy of the same. The purchase price had been agreed upon, but no written contract of sale had been or was executed, and no consideration passed. The agreement was an entirely parol executory agreement at the time of bankruptcy. The trustee contends that these facts are sufficient to prevent an estate of homestead vesting in the bankrupt.

Appellant Frawley is a creditor of the bankrupt. He is a lessor of certain property under a written lease made some years ago to Gus Chakos and Steve Chakos, when they were in partnership. He sought to enforce the liability on said lease against Gus Chakos before the referee upon a stipulation that Gus Chakos would enter his appearance therein, and sought furthermore to attack the validity of the mortgages in-

volved. The referee heard the evidence upon the validity of the mortgages to Gus Chakos, and held each of the same valid. Frawley contended that the referee should treat the property as copartnership property, and receive his claim against the two Chakos brothers upon said lease as a partnership claim, entitled to be first paid out of the partnership assets. There was a controversy as to whether or not Gus Chakos did in fact enter into the stipulation involved, and the referee, upon the showing made, allowed Chakos to withdraw his alleged appearance, and held that the bankruptcy court had no jurisdiction to entertain the petition of Frawley against Chakos and the guarantor of the latter, Meador.

The facts as we have related them are fully supported by the record, and the only question is as to whether there is error of law upon the part of the District Court. As to questions (a), (b), and (c) there can be no serious contention that the order of the referee and of the District Court was not in accord with the weight of the testimony. Each of those mortgages is valid, and of the respective priority and superiority accorded to them by the District Court.

[1] Section 272.20 of the Wisconsin Statutes provides that a home may be selected by the owner thereof in any city, of any quantity of land, not exceeding one-fourth of an acre, and a dwelling house thereon, and occupied by him as such; that it shall be exempt from seizure or sale, and free of any liability in any form for the debts of such owner to the amount and value of $5,000; that said exemption shall not be impaired by the sale thereof, but shall extend to the proceeds derived from the sale thereof to an amount not exceeding $5,000 for a period of not exceeding two years, for the purpose of reinvestment in another homestead. Under this statute the Supreme Court of Wisconsin has held that whether or not a homestead exists rests entirely upon the fact as to whether or not the premises were in fact occupied as a dwelling house by the owner and his family. If they were so occupied, then the owner is entitled to the enjoyment and use of them as such. See Phelps v. Rooney, 9 Wis. 70, 76 Am. Dec. 244. In Bartle v. Bartle, 132 Wis. 392, 112 N. W. 471, the court allowed an estate of homestead of $5,000 in property consisting of a hotel, wherein the owner occupied two rooms as a homestead. Here the facts are undisputed that the bankrupt occupied the premises in question as a homestead. It may be that he

moved into the property for the express purpose of creating a homestead therein and preventing his creditors from levying upon $5,000 worth of his property; but it seems to have been the intent of the Legislature of Wisconsin that creditors should, wherever a homestead exists, recognize the exemption of the property to the extent of $5,000, and whether the occupancy was for a long or short period appears to be wholly immaterial. The sole question is, Did the party occupy the property as a homestead? Under the evidence in this case no other conclusion is possible.

[2] Nor should the fact that an executory parol contract for the sale of the property had been entered into affect in any way this conclusion. Such a parol contract is unenforceable. The bankrupt might or might not perform it, and even if he had completed the same, under the law he was entitled to reserve $5,000 from the purchase price, if he occupied the estate as a homestead, for the purpose of reinvestment in another homestead. There is no cogency to an argument of invalidity of the exemption, in view of the statute protecting the estate of homestead in case of completed sale.

[3] The referee rightly held that he had no jurisdiction of the controversy between Frawley and Gus Chakos et al. As referee in bankruptcy his jurisdiction extends only to the determination of all questions of title affecting the property of the bankrupt. Gus Chakos was not a bankrupt. The controversy between him and Frawley was one concerning solely alleged civil liability of third persons. Not even by the consent of the parties could the referee as such make an order of any effect or validity.

If there is any reason why Gus Chakos should be adjudicated a bankrupt as a member of the original copartnership, and that copartnership likewise itself so adjudicated, and Frawley's claim allowed against such copartnership, there is a remedy for said appellant provided in the Bankruptcy Act. He may institute and prosecute such petitions in bankruptcy as may be necessary to secure the desired results, but he may not intervene in the administration of the separate estate of Steve Chakos in bankruptcy before the referee, and there seek to establish the liability of Gus Chakos as a partner upon the lease. The court could have no jurisdiction of such a question.

[4] The bankruptcy act expressly provides that "in the event of one * * * but not all of the members of a partnership being adjudged bankrupt, the partnership property shall not be administered in bankruptcy." Section 5h (11 USCA § 23). If, as contended by appellant, the parties stipulated to a common-law arbitration by the referee, any decision of the referee as such an arbitrator is entirely beyond the appellate jurisdiction of this court. Consequently, no error can be assigned upon the referee's action in holding that Gus Chakos had not entered his appearance.

[5] The purchase-price mortgage of Farr & Drummond being in default, more than four months prior to the filing of the petition in bankruptcy, the bankrupt assigned the rents to the mortgagees to secure the interest, then delinquent, after the payment of the expenses of maintenance, such as taxes and insurance. In pursuance of the assignment the mortgagees have collected the maturing rentals and applied the same as agreed. After paying the prior expenses there remained at the time of the hearing, to apply upon the delinquent interest of $2,628.37, the sum of $2,345.28, leaving due the mortgagees upon their mortgage principal of $11,500 and interest of $283.09, or a total of $11,783.09, secured by said first mortgage. The referee and the District Court so found, and this court approves such finding. When an assignment of rents is made before the four months period, the transaction does not become a preference because of the fact that the rentals are collected within the four months period. In re Bird (D. C.) 180 F. 229; Chapman v. Hunt (C. C. A.) 254 F. 768; Remington on Bankruptcy, §§ 1421, 1978; In re National Discount Co. (C. C. A.) 272 F. 570; In re Canister Co. (D. C.) 248 F. 587; Sabin v. Camp (C. C.) 98 F. 974. This is true, though creditors are not notified of the assignment. Chapman v. Emerson (C. C. A.) 8 F.(2d) 353; Lane v. Eggleston (C. C. A.) 284 F. 743.

[6, 7] It is contended by appellant Frawley that the District Court erred in not allowing his claim for rental (1) prior to filing of the petition (as a general claim); (2) from the date of the filing of the petition to the date of vacation of his premises by the trustee (as a part of the costs of administration); and (3) for the future in so far as he has been damaged by the bankrupt's breach of the lease (as a general claim). Clearly the delinquent rental due lessor at the time of the filing of the petition is a general claim, and, if not already allowed as such, should be so allowed by the referee. Clearly, also, Frawley's claim as to damages

should be allowed as a general claim, if and when liquidated. Frawley is just as clearly entitled to have his claim for the reasonable value of the use and occupancy of the premises by the trustee accruing after the bankruptcy and prior to surrender of the premises by the trustee, paid from the general estate as a part of the costs of administration, if the evidence shows that the premises were retained for the benefit of the estate after the adjudication. We find nothing in the record to show that, that fact was or was not determined by the District Court.

[8] Beyond this, however, the court cannot go. He may not have such costs of administration paid from the proceeds of sale of the fixtures located in the leased premises, as against William Chakos, the mortgagee of such personal property. The trustee, if he has enjoyed the possession of the premises, must pay to the owner thereof as a part of the costs, the reasonable value of such use and enjoyment, out of the funds he holds for the general creditors. But the mortgagee is not the user of the premises, or the occupant thereof. His lien is not to be divested to the extent of paying the trustee's debt for the latter's occupancy. In re Williams (C. C. A.) 156 F. 934; Mills v. Virginia-Carolina Lbr. Co. (C. C. A.) 164 F. 168, 21 L. R. A. (N. S.) 901; In re Howard (D. C.) 207 F. 402; In re Prince & Walter (D. C.) 131 F. 546; In re Russell Falls Co. (D. C.) 249 F. 260. Whether Frawley has a valid claim against William Chakos and the latter's property for the reasonable value of the storage of such property is not presented to this court.

[9] Appellant Frawley has no right in this court as an appellant from orders from which the trustee was a proper appellant. His only standing is that of a creditor. As such he may not appeal from the order of the District Court, unless the trustee fails so to do, and the court gives him permission to appeal, preferably in the name of the trustee. See the following authorities: Ohio Valley v. Mack, 163 F. 155, 24 L. R. A. (N. S.) 184 (C. C. A. 6); Foreman v. Burleigh, 109 F. 313 (C. C. A. 1); Chatfield v. O'Dwyer, 101 F. 797 (C. C. A. 8).

As to Frawley's claims for rental in the foregoing respects the decision of the District Court is reversed, with directions to proceed in accordance with this opinion, if it has not already done so. We find it most difficult to ascertain from the record presented, just what, if anything, the court has done in this regard.

We find no error in the remaining assignments. Therefore in all other respects the decision is affirmed. The trustee and appellant Frawley shall each pay one-half the costs of this appeal.