## AMICK et al. v. MORTGAGE SECURITY CORPORATION OF AMERICA et al.

### In re ROGERS–JOHNSON BLDG. CO.

Circuit Court of Appeals, Eighth Circuit. January 10, 1929.

No. 8298.

Samuel Feller, John M. Cleary, Raymond G. Barnett, and John R. James, all of Kansas City, Mo., for appellants.

George W. Humphrey, A. N. Adams, George T. Aughinbaugh, and A. F. Smith, all of Kansas City, Mo., for appellees.

Before STONE, Circuit Judge, and Mc-DERMOTT, District Judge.

McDERMOTT, District Judge. This is an appeal by certain creditors of a bankrupt estate from an order, made by the court below, denying such creditors the right to petition for a review of certain orders made by the referee in bankruptcy. The appellees are holders of three deeds of trust, which the referee held to be valid. A motion to dismiss the appeal has been filed, primarily upon the ground that minority creditors have no absolute right to appear for the estate, after a trustee has been appointed. Upon the argument of that motion, by consent of the parties, the case was taken on the motion and the merits.

The record shows that the Rogers-Johnson Building Company, the bankrupt, owned the Drake Apartment Hotel. There were three real estate mortgages on the real estate (one of them covering rents), and a chattel mortgage on the personalty. A foreclosure sale under one of the mortgages was advertised for May 9, 1927. Before that date a bankruptcy proceeding was commenced, and on May 6 Judge Reeves enjoined the foreclosure sale. On June 29 a show cause order was issued by the referee on the mortgagees, and a trial was had over the validity of the mortgages. This question was not decided until February 21, 1928. In the meantime some $18,000 had been collected by the trustee from the operation of the hotel, a sum that apparently he would not have received, if the foreclosure sale had not been restrained. On February 21, 1928, the referee decided that the mortgages were valid, and on March 6, and by amended order of March 20, he directed the trustee to pay the $18,000 to the mortgagee entitled. The trustee in bankruptcy declined to appeal; about 85 per cent. of the general creditors joined in a motion to Judge Reeves to direct the trustee to appeal. Judge Reeves denied the motion. This order was not appealed from. Something less than half the creditors, the present appellants, then undertook to file a petition to revise in their own names; the referee declined to recognize their right. They then filed a motion to require the referee to certify up the papers. Judge Otis heard this motion, took it under advisement, and denied it. Judge Otis held the right of creditors to appeal, in their own names, was discretionary with the court, and in the exercise of that discretion, denied the motion. This appeal results.

It appears, from the appellants' motion, that on March 6, 1928, the referee ordered the trustee to "sell all right, title, and interest of the trustee in and to all property of the bankrupt, real and personal, for $5,000." This sale appears to have been in the nature of a compromise of the litigation. No petition to review this order was made, either by the trustee, appellants, or any other creditor, and, unless the order is void, it has become final. The trustee has received the money and made his conveyance. It would seem that whether the mortgages are valid or invalid is no longer of any concern to the appellants, or the bankrupt estate, for all interest of the bankrupt has passed by the trustee's conveyance, and that the sole question now open to review is the propriety of the order of the referee in directing the rent money to be paid to the mortgagees.

The question presented is clear-cut. Does a single creditor have the absolute right to petition for a review from an order made by a referee in bankruptcy?

The appellants argue that, even if the right is discretionary, that the trial court abused his discretion. There is nothing in the record to support this argument. The referee had held that moneys coming into the hands of the trustee from the operation of a hotel, during the period in which foreclosure had been restrained by the court, should go to the mortgagees, as they would have gone if the foreclosure had not been restrained. The trustee declined to hold up the closing of the estate indefinitely by an appeal; the referee was of like mind. Judge Reeves refused to order the trustee to appeal; less than half the creditors joined in the application to Judge Otis, although 85 per cent. joined in the application to Judge Reeves. There is nothing in that record to hint at abuse of discretion.

After the motion on appeal was filed, a paragraph was interlined, alleging generally that the trustee had failed and refused "to protect the interests of said bankrupt estate, but is actively co-operating with said mortgagees to deprive the general estate in bankruptcy" of the rent moneys. No facts suggesting any improper conduct on the part of the trustee, a member of the bar of this court, are alleged. If the trustee believed it to the best interests of the estate not to incur the expense or delay of an appeal, his action would naturally co-operate with the mortgagees. This general allegation must be taken as a conclusion of the pleader, and the case determined on the single question of the absolute right of a

single creditor to appeal from an order such as was made here. We say a "single creditor," for, while five creditors join in this motion, yet, if the right is absolute, one creditor must have the right, for it would be the province of Congress, and not the courts, to place a minimum, in number or amount, upon the right.

Appellants base their case on General Order 27 (set out under 11 USCA § 53), which provides: "When a bankrupt, creditor, trustee, or other person shall desire a review by the judge of any order made by the referee, he shall file with the referee his petition therefor, setting out the error complained of; and the referee shall forthwith certify to the judge the question presented, a summary of the evidence relating thereto, and the finding and order of the referee thereon."

Other general orders contemplate the rights of creditors. General Order 17 gives any creditor the right to take exceptions to exemptions set off by the trustee; General Order 18 gives a creditor the right, with the bankrupt and trustee, to ask for the sale of perishable property; General Order 21 gives a creditor, with the trustee, the right to ask for a re-examination of any allowed claim; and General Order 30 gives any creditor the right to oppose a discharge. Section 21 of the act of 1898 (11 USCA § 44) gives a creditor the right to ask for an examination of the bankrupt.

Some of these provisions were involved in the cases hereafter cited; as to others— for example, the sale of property—it is obvious that a single creditor could not prevail over the judgment of all the other creditors, represented by the trustee. General Order 4 provides: "Proceedings in bankruptcy may be conducted by the bankrupt in person in his own behalf, or by a petitioning or opposing creditor; but a creditor will only be allowed to manage before the court his individual interest."

But little help can be found in the act or the General Orders in aid of the solution of the question as to who shall prevail in the event the trustee and a creditor disagree as to procedure, unless it be General Order 4 above quoted. However, in other sections of the act, as to controversies with third parties, the trustee alone is recognized as representing the bankrupt estate. Section 23 (11 USCA § 46) confers jurisdiction on the United States courts in controversies between "trustees as such and adverse claimants"; section 27 (section 50) gives the trustee power to compromise controversies.

In the case at bar a square conflict exists between the trustee for all the creditors and the referee, on the one hand, and certain creditors, on the other. Both cannot prevail. The trustee and referee believe it to the best interest of the estate to wind it up; they believe further litigation would not be worth the time and expenses necessarily incurred; the appellants think the appeal would be worth it. In the absence of fraud, which should prevail, the trustee elected by and representing all the creditors, backed by a disinterested referee appointed by the court, or one or more general creditors who disagree?

As a matter of principle, the answer appears to be in the scheme of the Bankruptcy Act. When bankruptcy comes, the identity of the individual creditor is merged in a class. He may vote for a trustee, but, if he is outvoted, a trustee not of his own choosing acts for him. He votes to disapprove a composition, but a majority and the court can compel him to take it. He does not believe a litigated claim should be compromised, but section 27 of the act gives that power to the trustee and the court. Provision is made for the removal of a faithless trustee, but, as long as he is trustee, he speaks for all the creditors. Without some such system of representation, the whole law would fall under its own weight. If it took a unanimous vote of all the creditors before any claim could be compromised, any property sold, any exemption set apart, or any claim allowed, the result would be interminable litigation and an indefinite postponement of dividends. The plan of the law is otherwise; it looks to a speedy collection and sale of assets, and prompt distribution of the proceeds; and, where litigation is necessary, provision is made for summary hearings on short notice, and a shortening of time for appeal.

There are two lines of authority upon the proposition presented, and, while efforts have been made in later opinions to reconcile them, it seems that the rationale of the two leading cases are not reconcilable. The two leading cases are Chatfield v. O'Dwyer, decided by the Circuit Court of Appeals of this circuit on May 21, 1900, and reported in 101 F. 797, and In re Roche, decided by the Circuit Court of Appeals of the Fifth Circuit the same month, and reported in 101 F. 956.

The Chatfield Case was heard before Judges Caldwell, Sanborn, and Thayer, and the question was fairly presented. The law is stated in the syllabi:

"Under Bankruptcy Act 1898, § 25a [11 USCA § 48(a)], an appeal from an order of the District Court allowing a claim presented by a creditor against the estate of a bankrupt, and which was objected to and contested by another creditor, cannot be taken by such objecting creditor, but only by the trustee in bankruptcy, as the representative of all the creditors.

"If the trustee, in such a case, refuses to appeal from the allowance of the claim, on the request of the objecting creditor, the latter may move the district court to direct the trustee to take an appeal as requested, or to permit the creditor to prosecute an appeal in the name of the trustee. The granting of such leave is in the discretion of the district court, and may be conditioned on the payment of the costs of the litigation by the objecting creditor if the appeal is unsuccessful."

In the opinion it is stated:

"In a case which arose under the old bankrupt law (In re Randall, 1 Sawy. 56, 20 Fed. Cas. 226, 228 [No. 11,552]), Judge Deady pointed out very clearly the evil results which would follow if every factious creditor was allowed to litigate individually and in his own name the claims of other creditors, without the sanction or approval of the assignee or the bankrupt court. He ruled that it was the appropriate function of the assignee to conduct such litigation, as the representative of all the creditors, saying, in substance, that, if any creditor felt himself aggrieved by the action of the assignee in failing to object to the allowance of a claim, he might apply to the bankrupt court for a rule on the assignee, either requiring him to contest the claim, or to allow the objecting creditor to do so in the name of the assignee."

In Foreman v. Burleigh, 109 F. 313, the question came before the Circuit Court of Appeals for the First Circuit. That court called attention to the difference of opinion between the Eighth and Fifth Circuits, and expressly followed the Eighth Circuit. The court said:

"Chatfield v. O'Dwyer is on all fours with the case at bar. It carefully considered the question involved in the motion to dismiss now pending before us, and the court directly concluded its consideration in favor of dismissal. On the other hand, In re Roche gave the question involved here but slight consideration, because it was complicated with another proposition, on which the decision might clearly have turned, as appears by what is said on page 117, 42 C. C. A.,

and page 958, 101 F., as follows: 'The record in this case shows that the appellant, as a creditor of the bankrupt, is directly interested in the judgment complained of, not only as a general creditor of the bankrupt, but as having a special lien on the sum in the hands of the trustee.'

"It can well be said that the case turned on the latter fact, and that what appears beyond that is dictum. Certainly, there is no reason for believing that, if the court in the Fifth Circuit had had before it the single question which we now have, and also the decision in the Eighth Circuit, it would not have followed it. Under the circumstances, Chatfield v. O'Dwyer is necessarily directly in point, while In re Roche is not. * * * As the question involved is a doubtful one of statutory construction, and as, therefore, it follows that the Circuit Court of Appeals for the Eighth Circuit could not have made any plain error, we, in accordance with our settled rule, follow it."

This Eighth Circuit passed upon the question again in In re Pekin Plow Co. (C. C. A.) 112 F. 308, where the court said:

"It has been held by this court that the trustee is so much the representative of all the creditors that no appeal can be taken under the provisions of section 25, subd. (a), from an order of the District Court allowing a claim of any individual creditor who objected to such allowance, but that such appeal can only be taken by the trustee as the representative of all the creditors."

The Circuit Court of Appeals of the Second Circuit met the question in 1903, and expressly followed the Eighth Circuit. The case is In re Lewensohn, 121 F. 538. The court said:

"The trustee represents every creditor. The orderly conduct of the administration requires that a proceeding for the re-examination of the claim should be taken in the interests of all the creditors, and not be permitted at the instance of any one creditor unless demanded by the interests of all. If the trustee should, without sufficient reason, refuse to proceed, the court, by its order, could compel him to do so, or remove him for disobedience. It has been held under the present act that a creditor cannot prosecute an appeal from the judgment of a court of bankruptcy allowing the claim of another creditor, and that the trustee is the only party who can do so. Chatfield v. O'Dwyer, 42 C. C. A. 30, 101 F. 797; Foreman v. Burleigh, 48 C. C. A. 376, 109 F. 313. The provision allowing such appeals does not

designate the party by whom they may be prosecuted, and these decisions proceeded upon the ground that the trustee is the proper party, and the only proper party, because he represents the interests of all creditors in the estate. There is such a close analogy between the two proceedings of a re-examination and a review that these decisions are apposite."

This was followed in In re Sully, 152 F. 619 (2 C. C. A.).

In the case of In re Stern (C. C. A.) 144 F. 956, the trial court declined to hear a creditor who requested an order on the trustee to appeal. This was held to be error, but the court was careful to adhere to the law of the Chatfield Case. In the case at bar, both Judge Reeves and Judge Otis heard the creditors, and denied the right.

The Sixth Circuit has repeatedly and expressly followed the Eighth Circuit. The leading case is Ohio Valley Bank v. Mack (C. C. A.) 163 F. 155, 24 L. R. A. (N. S.) 184, where the trial court granted the right of the creditor to appeal. The court said:

"This appeal is by a creditor who was, upon application, allowed to appeal; the trustee refusing to appeal, though requested to do so. This practice seems admissible in the sound discretion of the District Judge, when the trustee refuses to appeal, though the better practice would be to order the trustee to appeal, or to allow the dissatisfied creditor to appeal in his name, being indemnified in either case against costs by such creditors."

For other cases in the Sixth Circuit, see In re Roadarmour (C. C. A.) 177 F. 379; In re National Pressed Brick Co. (C. C. A.) 212 F. 878.

The Ninth Circuit has followed the Eighth in In re Patterson-MacDonald Shipbuilding Co. (C. C. A.) 288 F. 546. The court said:

"The appellee and respondent has moved to dismiss the appeal on the ground that the order is not appealable, and to dismiss the petition for revision on the ground that the petitioner is not entitled to prosecute the same. The appellant and petitioner confesses the motion to dismiss the appeal, but resists the motion to dismiss the petition for revision. Both motions should probably be granted. 'In the allowance of claims, all, trustee, bankrupt and creditors, are interested, though to allow each, if dissatisfied, to appeal would be to multiply appeals and allow factious creditors to delay the proceedings, and the appeal must be taken in such case by the trustee, or, if he refuses, or fails to act, the bankruptcy court may, on its own motion, if doubtful of its decision, order him to appeal, or may make such order on application of a dissatisfied party, or, in its discretion, allow such party to appeal in the name of the trustee.' Brandenberg on Bankruptcy, § 1637; Chatfield v. O'Dwyer (8th Cir.) 101 F. 797, 42 C. C. A. 30; Foreman v. Burleigh (1st Cir.) 109 F. 313, 48 C. C. A. 376; In re Lewensohn (2d Cir.) 121 F. 538, 57 C. C. A. 600. The same considerations apply to a petition for revision. In re Lewensohn, supra."

The Seventh Circuit said, in In re Chakos (C. C. A.) 24 F.(2d) 482:

"Appellant Frawley has no right in this court as an appellant from orders from which the trustee was a proper appellant. His only standing is that of a creditor. As such he may not appeal from the order of the District Court, unless the trustee fails so to do, and the court gives him permission to appeal, preferably in the name of the trustee."

The District Court of Massachusetts summarily declined to hear a single creditor's appeal, on a matter affecting the estate generally, after the appointment of a trustee, following the Lewensohn Case, supra, and the Mexico Hardware Case, 197 F. 650 (D. C. N. M.); N. E. Tire & Rubber Co. (D. C.) 13 F.(2d) 1004.

Remington, Bankruptcy (3d Ed.) takes cognizance of the division of authority and states the rule in section 3634: "All action and defense, as well on appeal, on review and in error proceedings as elsewhere, in behalf of the estate, after the election of the trustee, must be taken in the name of the trustee." The Chatfield Case is quoted from at length as the leading case.

Opposed to these is In re Roche, supra, where the Circuit Court of Appeals of the Fifth Circuit held:

"Under this statute there was strong reason for contending that an appeal from a judgment allowing a claim could only be made by an assignee dissatisfied therewith. The act of 1898 is silent as to the party who may take an appeal on the allowance or disallowance of the claim. The omission of the provision above quoted from the act of 1867 is significant, and we are of opinion that the intention of the law-makers was, not to restrict the right of appeal, but to leave in force the general rule that, where an appeal lies from any judgment or decree, the same may be taken by any party or person injured or affected by the decree or judgment. The record in this case shows that the appellant, as a creditor of the bank-

'rupt, is directly interested in the judgment complained of, not only as a general creditor of the bankrupt, but as having a special lien on the sum in the hands of the trustee. The motion to dismiss the appeal is overruled."

In McDaniel v. Stroud (C. C. A.) 106 F. 486, the Fourth Circuit was confronted with a case where the trustee agreed to appeal and then refused, and there was no time left to even ask for an order directing him to appeal. That court, one judge dissenting, discussed the Chatfield and Roche Cases, and followed the Roche Case. The facts would seem to have made it unnecessary to pass upon the precise question.

It is argued that this circuit, in Rosenbaum v. Dutton (C. C. A.) 203 F. 838, overruled the Chatfield and other cases in this circuit. An examination of the peculiar facts of that case, and of the opinion, discloses no such intention. The real controversy concerned the appellants' liability for an assessment, as stockholders, rather than as objecting creditors; in other words, the appellants were opposed in interest to the trustee and the estate, and manifestly could appeal just as any creditor whose claim is disallowed, may appeal. Moreover there was evidence of secret orders and other matters strongly hinting at fraud. The court's language was guarded. It said:

"The only question involved is whether, in view of the fact that these appellants are the only persons who will be affected by the allowance of the claim of appellee, they being the only stockholders upon whom an assessment has been made, are 'parties in interest' within the meaning of the statute. If this large claim of appellee is allowed, it will have to be paid by appellants, while, on the other hand, if the claim is found to be fraudulent or unjust, and is disallowed or expunged, they will be relieved of paying the assessment made by the referee for the purpose of paying off this claim. * * * Under these circumstances, and especially in view of the fact that the evidence in the record shows that many of the items of appellee's claim are at least suspicious, and that the referee, after a full hearing, had expunged the entire claim as fraudulent, appellants, as the only parties affected by the allowance of the claim, ought not to be deprived of the right to be heard. This is especially true, in view of the fact that they had no notice of the motion for rehearing and the peculiar circumstances under which the consent decree allowing the claim of appellee was entered."

Other cases are cited where the District Court, on application of a creditor, directed the trustee to appeal, or permitted a creditor to use his name. These cases have no bearing on the matter.

We conclude that the rule announced in the Chatfield Case is not only right in principle, one that is essential if the bankruptcy law is not to be prostituted by a captious and factious creditor, but is supported by the great weight of authority. In the case at bar the appellants had the right to ask the trustee to appeal; failing that, to ask the referee to so direct him; failing that, to ask the court to so direct him. These steps they took. When Judge Reeves, in his discretion, denied their application, they cannot go to another Judge of the same Court, in their own name, and renew their application, and, when denied, appeal.

The appeal will be dismissed.