## JONAS v. BELLERIVE INV. CO. et al.
### No. 10833.

Circuit Court of Appeals, Eighth Circuit.

June 24, 1937.

Harry L. Jacobs, Roy B. Thomson, and Robert E. Rosenwald, all of Kansas City, Mo., Henry Stern and Burnett, Stern & Liberman, all of St. Louis, Mo., and Ringolsky, Boatright & Jacobs and Ryland, Stinson, Mag & Thomson, all of Kansas City, Mo., for appellant.

Ludwick Graves and Irvin Fane, both of Kansas City, Mo., for appellees R. E. Olds, claimant, and Bellerive Inv. Co., debtor.

David Levinson and Henry L. Kohn, both of Chicago, Ill., and James A. Reed and Robert J. Ingraham, both of Kansas City, Mo., for appellees Henry A. Bundschu, Paul Patton, Samuel J. T. Straus, Sidney H. Kahn and N. H. Oglesbee, constituting the Bellerive Apartments First Mortgage Bondholders' Committee.

Before GARDNER, WOODROUGH, and BOOTH, Circuit Judges.

WOODROUGH, Circuit Judge.

Petition was filed by the Bellerive Investment Company for reorganization under section 77B of the Bankruptcy Act (11 U. S.C.A. § 207), and the same having been approved, a trustee was appointed and the court made provision for filing claims. The appellant Rose T. Jonas appeared and, upon due proof, obtained allowance of her claim as a secured claim Class B 2 in the amount of $15,000. R. E. Olds, also a creditor, presented his secured and unsecured claims in large amounts and Rose T. Jonas filed her objections against allowing the same. After hearing by the court, the objections to the allowance of the claims of R. E. Olds were overruled, his claims were allowed, and the creditor Rose T. Jonas has taken this appeal from the order, contending, (1) that the claims of R. E. Olds should be wholly disallowed, or (2) that they should be allowed only in part. R. E. Olds, on his own behalf, and others who constitute a bondholders' committee have moved to dismiss the appeal. They contend that the trustee in bankruptcy is the party who may appeal from the allowance of the claim of a creditor and that the appellant, an individual creditor, cannot by her appeal obtain a review of the allowance of the claim of another creditor.

It is clear that under the old Bankruptcy Act one creditor could not maintain an appeal from an order allowing the claim of another creditor and the reasons why the trustee and not a complaining (perhaps captiously complaining) creditor should control in the taking of such appeals are clearly set out in Amick v. Mortgage Security Corporation (C.C.A.) 30 F.(2d) 359. See Chatfield v. O'Dwyer (C.C.A.) 101 F. 797. The same reasons compel the same conclusion as to appeals from orders allowing claims in proceedings under section 77B. It has been so declared in the second circuit and we concur. Christian v. R. Hoe & Co. (C.C.A.) 79 F.(2d) 541.

Appellant contends that her situation is somewhat different from that of a creditor ordinarily because, as shown by the record, she was permitted by order of the trial court to intervene in the debtor proceedings,

and the case of In re New York Investors (C.C.A.) 79 F.(2d) 179, 182, is cited. The Second Circuit Court of Appeals said in the opinion in that case, among other things:

"But a creditor, who has been permitted to intervene and whose rights to resort to the general assets for payment of any balance that may be due him after the application of his security, is affected by the decision and should be allowed to appeal. * * * Where a court has thought best to allow a creditor to intervene and to be heard on certain specified matters, it does not seem unreasonable to grant him the right to appeal."

The appeal in the cited case was from an order allowing fees to a trustee and the language used had reference to such a situation. The same court said in Christian v. R. Hoe & Co., supra:

"So far as the order fixed the allowances other than those to the trustee and its attorney, the trustee alone could appeal, unless it were shown to have been derelict in its duty. In re Lewensohn (C.C.A.2) 121 F. 538; Amick v. Mortgage Security Corporation (C.C.A.8) 30 F.(2d) 359. * * * But the rule does not apply to the allowance of the trustee itself, or to that of its attorneys; obviously the trustee would not appeal from these."

The intervention allowed to appellant was, as shown by the order, "for all purposes," so that she had the right to object to the allowance of the claims of any other creditors, but in the matter of taking an appeal from orders allowing claims to other creditors she was in no better position than any creditor. The reasons which forbid that each and every individual creditor can be allowed to take an appeal on his own account apply also to her.

The record discloses that Rose T. Jonas presented a petition for appeal to the District Court and that, on consideration of the assignments of error presented therewith, the trial court "allowed the appeal as prayed for." But it is apparent that no question of the propriety of the appeal being taken by the creditor instead of the trustee was considered or passed upon by the trial court. The petition for appeal was presented ex parte without notice and was evidently understood to be taken, as counsel for appellant assert in their brief, that it was "taken as a matter of right." The trial court undoubtedly has discretion in a proper case, where a trustee is disqualified or

refuses to act, to permit an appeal to be taken by one creditor from the allowance of the claim of another. But no such facts were shown to support this present appeal and no such discretion is shown to have been exercised.

Appellant has also appealed to our recollection of matters said to have transpired in our presence not in the record, but we have recalled nothing that would lead us to any conclusion other than expressed.

As we are of opinion that the creditor is without right to maintain the appeal, the motion to dismiss is sustained and the appeal is dismissed.