**In re COOK'S MOTORS, Inc.**

**BERKSHIRE TRUST CO. et al. v. GAR WOOD INDUSTRIES, Inc.**

**No. 3972.**

Circuit Court of Appeals, First Circuit.

April 26, 1944.

Frederick M. Myers, of Pittsfield, Mass. (Philip R. White and Hutchins & Wheeler,

all of Boston, Mass., of counsel), for appellant Berkshire Trust Co.

Lincoln S. Cain, of Pittsfield, Mass. (Cain & Chesney, of Pittsfield, Mass., of counsel), for appellee.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

PER CURIAM.

The Berkshire Trust Company, appellant, and Gar Wood Industries, Inc., appellee, are both creditors of Cook's Motors, Inc., a bankrupt. Before bankruptcy, the bankrupt had transferred $2,563.30 to the said Trust Company. Gar Wood repeatedly requested the trustee in bankruptcy to take steps to recover these funds, but to no avail. The Trust Company filed a motion before the referee as a step toward being allowed to keep these funds as a set-off. Gar Wood, through its attorney, appeared before the referee and successfully opposed that motion, with the result that the Berkshire Trust Company subsequently turned over to the trustee the sum of $2,563.30.

Gar Wood then filed with the referee a sworn proof of priority claim under § 64, sub. a(1), of the Bankruptcy Act, 52 Stat. 874, 11 U.S.C.A. § 104, sub. a(1), in the amount of $813.09, as the reasonable costs and expenses of the recovery, for the benefit of the estate, of property of the bankrupt transferred or concealed by him either before or after the filing of the petition. The claim listed $750 expenses for the services of attorneys and $63.09 for stenographic and sheriffs' fees and for telephones. The referee ordered that this claim of $813.09 be allowed in full and be given priority.

On petition to review this order of the referee, the District Court ruled, over objection of the Trust Company, that the priority claim fell within § 64, sub. a(1), of the Bankruptcy Act; but set aside the referee's order and recommitted the matter to the referee to find the subsidiary facts as to what services were rendered and also to find the ultimate fact as to what were the "reasonable costs and expenses" of such services. In ruling that Gar Wood had a valid claim for priority under § 64, sub. a(1), for the reasonable costs of its services in recovering the property for the benefit of the bankrupt estate, the District Court took note of the rule that a creditor is ordinarily not entitled to compensation

under such subsection where he went ahead without having first secured authorization from the referee to incur the expenses for the benefit of the estate. In re Eureka Upholstering Co., 2 Cir., 1931, 48 F.2d 95; In re New York Investors, Inc., 2 Cir., 1942, 130 F.2d 90. This rule, the court said, ought not to be applied where the trustee in bankruptcy, or his counsel, is involved in a conflict of interest and has refused to proceed, and where the volunteered services of the creditor have benefited the estate. Such a conflict of interest the court found to exist, for on the face of the papers it appeared that the same lawyer was acting as counsel for the trustee and for the Trust Company. On this assumption of fact the District Court ruled that Gar Wood was entitled to a priority claim under § 64, sub. a(1), and entered the interlocutory order recommitting the case to the referee for further findings as to the extent and value of the services rendered.

From this interlocutory order of the court below a notice of appeal was filed in which the appellants were named as the Berkshire Trust Company and Stephen B. Hibbard, trustee, the same attorney appearing as counsel for each appellant.

Shortly after the notice of appeal was filed, the Trust Company, Gar Wood, and the trustee joined in a stipulation which was filed, to become part of the record on appeal, which stipulation contains the following recital:

"Counsel for The Berkshire Trust Company was never appointed general counsel for Stephen B. Hibbard, trustee in bankruptcy herein. He was appointed counsel for one special matter only, which matter in no way had to do with the general administration of the bankrupt's estate. Counsel for The Berkshire Trust Company never had and has no authority to act for said trustee in bankruptcy in any other matter than the one for which he was specially designated. The trustee took no part in the petition for review and is taking no part in this appeal."

From this stipulation we must take it that no notice of appeal was ever filed by the trustee, the authority of the attorney to act for the trustee in this particular having been disclaimed. The Trust Company therefore stands as the sole appellant, and the appellee, by a motion to dismiss, has challenged the right of the Trust Company to prosecute the appeal.

■ It has been frequently held that a general creditor of a bankrupt has no standing to appeal from an allowance by the bankruptcy court of the claim of another creditor unless upon application the trustee has refused to appeal and the District Court has authorized the creditor to proceed in the trustee's name. Fred Reuping Leather Co. v. Fort Greene National Bank, 3 Cir., 1939, 102 F.2d 372; Amick v. Mortgage Security Corp., 8 Cir., 1929, 30 F.2d 359; Chatfield v. O'Dwyer, 8 Cir., 1900, 101 F. 797; In re Lewensohn, 2 Cir., 1903, 121 F. 538. The same rule has been applied in this circuit. Foreman v. Burleigh, 1 Cir., 1901, 109 F. 313.[1] See In re New England Tire & Rubber Co., D.C. Mass., 1926, 13 F.2d 1004. There is no need to restate the reasons for this rule; they are fully stated in the cases just cited.

■ The motion to dismiss must be granted. But in declining to entertain the appeal we should make such disposition of the case as befits its peculiar circumstances. Cf. Walling v. James V. Reuter, Inc., 64 S. Ct. 826. As above indicated the District Court made its order upon an assumption of fact which has since been contradicted by the stipulation of the parties. The District Court, upon remand, should be free to reconsider its order in the light of the situation as it is now disclosed to be. Therefore we shall vacate the order of the District Court and shall remand the case to that court for such further proceedings as may by it be deemed appropriate.

---

[1] Appellant seeks to distinguish the Foreman case by saying that there is nothing in this case "to indicate that the person seeking the appeal had been in any way a party to any previous District Court proceedings." However, an examination of the record in the Foreman case discloses that the creditor seeking to appeal had, as in the case at bar, petitioned for review of the order of the referee and had participated as a party in the review proceedings before the district court.