**KIMM et al. v. BRECKE et al.**

No. 13009.

Circuit Court of Appeals, Eighth Circuit.

May 15, 1945.

Seth Lundquist, of Minneapolis, Minn., for appellants.

O. A. Brecke, of Minneapolis, Minn. (Benedict Deinard, of Minneapolis, Minn., on the brief), for appellees.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

PER CURIAM.

The appellants are three of the general creditors of the Calhoun Beach Club Holding Co., Inc., a bankrupt. The order appealed from is one confirming an allowance of attorneys' fees made by the referee in bankruptcy. The appellees are attorneys who represented a former trustee of the bankrupt. This trustee died during the administration of the estate. The appellees did not represent his successor. They petitioned the referee in bankrutpcy for the allowance of $2,000 for services rendered by them to the former trustee. The appellants opposed the petition on the ground that a precautionary dictum of this court in Kimm v. Brecke, 8 Cir., 130 F.2d 687, 690, precluded the making of the allowance requested. The referee granted the petition, and, on review, the District Court confirmed his order.

The appellees have moved to dismiss this appeal upon the ground that the appellants have no right to appeal from the order. The rule invoked by the appellees is that which prevents a general creditor from appealing from an order allowing a claim of another creditor, unless authorized to do so by the court of bankruptcy. See Chatfield v. O'Dwyer, 8 Cir., 101 F. 797; In re Pekin Plow Co., 8 Cir., 112 F. 308, 310; Amick v. Mortgage Security Corporation, 8 Cir., 30 F.2d 359; Johnson v. Barney, 8 Cir., 53 F.2d 770; Jonas v. Bellerive Investment Co., 8 Cir., 90 F.2d 688, certiorari denied 302 U.S. 724, 58 S.Ct. 45, 82 L.Ed. 559; Fred Reuping Leather Co. v. Fort Greene

National Bank, 3 Cir., 102 F.2d 372; In re Keystone Realty Holding Co., 3 Cir., 117 F. 2d 1003, 133 A.L.R. 1378; Missouri Pacific R. Co. v. Thompson, 8 Cir., 134 F.2d 139, 141; Berkshire Trust Co. v. Gar Wood Industries, 1 Cir., 142 F.2d 369. While the appellees were not creditors of the bankrupt prior to bankruptcy, they were persons asserting a claim against the bankrupt estate. It was the duty of the trustee to resist the claim if it was unlawful or unjust. The order allowing the claim was one which affected all creditors alike. The appellants did not request the trustee to contest the claim, nor did they apply to the court of bankruptcy for leave to appeal from the order which they challenge. The trustee, who is the representative of all of the creditors, was not made a party to this appeal. We are satisfied that the motion of the appellees should be granted.

The appeal is dismissed.