**HEISER v. WOODRUFF et al.**

No. 3043.

Circuit Court of Appeals, Tenth Circuit.

Aug. 11, 1945.

Rehearing Denied Sept. 4, 1945.

See also, 10 Cir., 150 F.2d 869, 873.

Rupert B. Turnbull, of Los Angeles, Cal. (T. G. Gibson, of Ardmore, Okl., and Leonard J. Meyberg, of Los Angeles, Cal., on the brief), for appellant.

H. A. Ledbetter, of Ardmore, Okl., for appellees.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

Leonard J. Woodruff was adjudged a bankrupt. Margueritte B. Woodruff, Leonard Woodruff, Jr., and Howard L. Woodruff, daughter and sons of the bankrupt, filed separate claims against the estate. M. E. Heiser, another claimant, submitted an application for authority to file objections to the claims. The referee entered an order granting the application, objections were filed, the referee allowed the claims in full, Heiser petitioned for review, the

referee made the conventional certificate, the district court on review allowed the claims in reduced amounts, and Heiser appealed.

Appellees filed in this court a motion to reverse the provision in the judgment of the district court allowing the claims in reduced amounts and affirm the separate orders of the referee allowing them in full. The contention presented by the motion is that the court improvidently considered the claims on review because one creditor in a proceeding in bankruptcy does not have the right to petition for review of orders of the referee allowing claims of other creditors which merely affect the estate generally, except where the trustee refuses to seek review and the creditor obtains express authority to proceed.

Section 2 of the Bankruptcy Act, as amended, 52 Stat. 840, 11 U.S.C.A. § 11, provides among other things that the district courts sitting in bankruptcy are vested with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in proceedings under the act; and that they shall have jurisdiction to allow claims and reject claims, to consider records, findings, and orders certified to the judges by the referees, and confirm, modify, or reverse such findings and orders, and to make such orders and enter such judgments, in addition to those specifically provided for, as may be necessary for the enforcement of the act. The pertinent part of section 38, as amended, 11 U.S.C.A. § 66, provides that referees are vested, subject always to a review by the judge, with jurisdiction to perform such of the duties as are by the act conferred on the courts of bankruptcy, including those incidental to ancillary jurisdiction, and as shall be prescribed by the rules or orders of the courts of bankruptcy for their respective districts, except as therein otherwise provided. And section 39, sub. c, 11 U.S.C.A. § 67, sub. c, provides that a person aggrieved by an order of the referee may file with the referee a petition for review of the order by the judge, the time fixed for the filing of the petition being within ten days after the entry of the order or within such further time as the court may for cause shown allow.

The jurisdiction of the bankruptcy court attaches upon the filing of the petition in bankruptcy and continues thereafter until the closing of the estate. Thum-

mess v. Von Hoffman, 3 Cir., 109 F.2d 291; In re Albert, 2 Cir., 122 F.2d 393. And the power of the court to review orders of the referee is unqualifiedly granted in section 2 of the Act. Pfister v. Northern Illinois Finance Corporation, 317 U.S. 144, 63 S.Ct. 133, 87 L.Ed. 146; In re Albert, supra. The referee is not a separate court. He is not endowed with any independent judicial authority which lies beyond the range of review of the bankruptcy court. He is merely an officer or arm of the court. His judicial functions, however important, are subject always to the reviewing eye of the court. The court has power sua sponte to review and revise orders of the referee. In re Flanders Co., 6 Cir., 32 F.2d 654; Biggs v. Mays, 8 Cir., 125 F.2d 693.

Section 39, sub. c, supra, grants to a person aggrieved by an order of the referee the right to petition for review, and it limits the time within which the petition may be filed. But it is not in any sense a limitation upon the power or authority of the court to review orders of the referee. Pfister v. Northern Illinois Finance Corporation, supra; Thummess v. Von Hoffman, supra; Biggs v. Mays, supra. We fail to find any basis for concluding that the court erred in the exercise of its power to review the orders of the referee.

The motion already adverted to seeks in the alternative to have the appeal to this court dimissed on the ground that Heiser did not have the right to appeal from the judgment of the district court allowing the claims in reduced amounts. The order of the referee authorized Heiser to file objections to the claims, but it did not go any further. It cannot be construed as purporting to authorize him to appeal from the final judgment of the district court. And it has been held over a long period that in ordinary circumstances a general creditor in a bankruptcy proceeding cannot maintain an appeal from an order or judgment of the district court allowing a claim of another creditor which merely affects the estate generally. His remedy is to call upon the trustee to appeal from an order or judgment of that kind, and if the trustee refuses the creditor may apply to the court for an order authorizing him to proceed with the appeal. Chatfield v. O'Dwyer, 8 Cir., 101 F. 797; Foreman v. Burleigh, 1 Cir., 109 F. 313; Ohio Valley Bank Co. v. Mack, 6 Cir., 163

F. 155, 24 L.R.A.,N.S., 184; Jonas v. Belle-rive Investment Co, 8 Cir., 90 F.2d 688, ceriorari denied, 302 U.S. 724, 58 S.Ct. 45, 82 L.Ed. 559; Fred Reuping Leather Co. v. Fort Greene National Bank of Brooklyn, 3 Cir., 102 F.2d 372; In re Cook's Motors, Inc., 3 Cir., 142 F.2d 369; Kimm v. Brecke, 8 Cir., 149 F.2d 149. That Heiser failed to do.

The appeal is dismissed.

See also, 10 Cir., 150 F.2d 867.