In re **J. J. TYNE**, et al., etc., **Bankrupt.**

**AMERICAN STEEL TREATING CO.**, and
John J. Tyne, Appellants,

v.

Angela R. **VENETUCCI** et al., Appellees.

No. 12338.

United States Court of Appeals
Seventh Circuit.

Dec. 1, 1958.

Rehearing Denied Jan. 5, 1959.

Edward G. Berglund, Benjamin Wham, John E. Owens, Vincent G. Rinn, for appellants.

Eugene A. Tappey, Llewellyn A. Wescott, Peter R. Scalise, Anna R. Lavin, Charles F. Grimes, Daniel S. Wentworth, Chicago, Ill., for appellees.

Before DUFFY, Chief Judge, and SCHNACKENBERG and HASTINGS, Circuit Judges.

HASTINGS, Circuit Judge.

John J. Tyne, a bankrupt, and the American Steel Treating Company, a general creditor of the bankrupt estate,[1] appeal from the bankruptcy court's affirmance of an order entered by the referee denying the trustee in bankruptcy's petition for the recapture of an asset of the bankrupt estate.

The following facts appear of record: The Oak Park National Bank (Oak Park), one of the appellees in this case and holder of a mortgage on the residence of the bankrupt, which is the property sought to be recaptured herein, filed suit to foreclose in a state court on May 11, 1954. This was after the involuntary proceeding in bankruptcy had been initiated and a restraining order entered, without notice, enjoining all creditors from commencing or continuing proceedings against the debtor in any court.

Oak Park filed a petition to dissolve the restraining order as it applied to the mortgaged residence of Tyne on September 20, 1954. The referee entered an order granting this petition on November 29, 1955 and, on January 13, 1956, granted leave to make the trustee in bankruptcy a party defendant to the foreclosure proceeding. No review of these orders was ever sought, and the bankrupt and trustee appeared and defended in the state court.

A decree of foreclosure was entered in the state court on September 14, 1956 and pursuant to such decree public sale was held with Oak Park as the successful bidder on a bid for the exact amount of the mortgage indebtedness, plus foreclosure costs including some taxes. The sale was confirmed by the court and a certificate of sale issued to Oak Park subject to right of redemption by the debtor. No appeal was taken from the decree of foreclosure or order confirming the sale.

In June of 1957, during the statutory period of redemption, Oak Park sold the certificate of sale to the other appellees in this case, Pasquale and Angela Rose Venetucci, for $30,621.47. This represented the amount of the bid, certain cash advances made in connection with the property and interest. Upon expiration of the statutory period of redemption on January 9, 1958 a Master's Deed was issued to the Venetuccis and registered according to Illinois law.

The Venetuccis have since been unable to take possession of the property. The bankrupt obtained an order on February 20, 1958 restraining further proceedings in the state court; and, on March 7, 1958, the trustee in bankruptcy filed a petition in which it was alleged that the mortgaged property had been improperly released and asking that it be recaptured as an asset of the bankrupt estate. The American Steel Treating Company appeared as an unsecured creditor and was permitted to file an answer joining in the prayer of the trustee. The referee conducted a hearing on the matter, made findings of fact and conclusions of law and entered an order denying the petition to recapture and vacating the restraining order. The bankrupt and creditor then filed a petition for review in the district court in which the trustee refused to join. The district court entertained that petition, took it under advisement and on May 21, 1958 entered the order affirming

---

1. The original involuntary proceeding in bankruptcy was brought against John Caul and J. J. Tyne, co-partners doing business as the Tyne Company and John J. Tyne individually. The individual bankrupt is involved in the present case and references to "the bankrupt" in this opinion are to him.

the referee's ruling from which order this appeal was taken.

■■ Appellees raise a weighty question as to the standing of an unsecured creditor and a bankrupt to appeal from an order of a bankruptcy court affecting the estate generally. It is, of course, fundamental that no one may appeal a judgment unless he has an immediate, pecuniary and substantial interest and the Bankruptcy Act does not justify an appeal by a party without such an interest. Missouri Pacific Railroad Co. v. Thompson, 8 Cir., 1943, 134 F.2d 139, 141; Matter of Western Pacific Railroad Co., 9 Cir., 1941, 122 F.2d 807. Thus, it was held in Castaner v. Mora, 1 Cir., 1954, 216 F.2d 189, that a bankrupt was not aggrieved in a legal sense and had no appealable interest in an order extending the coverage of a mortgage held by a secured creditor to include certain machinery which would otherwise be part of the general bankrupt estate.

■ Moreover, in order to foster the orderly administration of an estate, an appealable interest must not only be substantial but also direct; and it is thus the general rule that, when an order has been entered in the course of a bankruptcy proceeding affecting the disposition of the property (such as the allowance of another creditor's claim), the individual general creditor ordinarily does not possess standing to appeal unless granted leave and authority to do so in the name of the trustee. In re Huntingdon & Broad Top Mountain R. R. & Coal Co., 3 Cir., 1954, 213 F.2d 411, 414; In re Cook's Motors, Inc., 1 Cir., 1944, 142 F.2d 369; In re Honesdale Union Stamp Shoe Co., Inc., 3 Cir., 1939, 102 F.2d 372; 2 Collier, Bankruptcy 914 (14th Ed.). This principle of trustee representation of creditors has not been applied, however, when a secured creditor takes the appeal since the trustee represents only

unsecured creditors and is plainly adverse to the interests of secured creditors. In re Braker, 6 Cir., 1942, 127 F.2d 652, 653–654. Similarly, one court refused to apply the principle to a case involving a claimant, not a creditor in the ordinary sense of the word, whose interests were adverse to the trustee. In re Huntingdon & Broad Top Mountain R. R. & Coal Co., supra, 213 F.2d at page 415.

■ The principle of trustee representation is thus not always strictly applied and we have no doubt as to the right of this court to entertain this direct appeal by the creditor under provisions of the Bankruptcy Act, 11 U.S.C.A. § 47, sub. b. In Currin v. Nourse, 8 Cir., 1933, 66 F.2d 137, an appeal taken by unsecured creditors challenging the validity of an order of the bankruptcy court confirming a judicial sale of property was allowed by the Court of Appeals for the Eighth Circuit.

We are also impressed in the present case by the fact that no objection was raised to appellants' petition for review of the order of the referee, which was not joined in by the trustee and which the district court, nevertheless, saw fit to entertain and take under advisement. As indicated in In re American Fidelity Corp., D.C.S.D.Cal., 1939, 28 F.Supp. 462, 471, although a creditor cannot ordinarily participate and be separately heard in this type of proceeding without express permission of the bankruptcy court, that court may surely relax the general rule and permit creditors to be heard separately.[2] Finally, we would allow this appeal as to the creditor in order to write an end to this litigation and prevent further delay.

We are not convinced that the bankrupt has an appealable interest in this matter although he could conceivably have such an interest if the equity in the property to be recaptured would create

---

2. The district court in that case indicated that "[i]t would indeed be intolerable and make impossible the orderly administration of bankrupt estates, if creditors were allowed to intervene and participate in matters of litigation of which the trustee has charge * * *." In re American Fidelity Corp., D.C.S.D.Cal.1939, 28 F.Supp. 462, 471–472. But the court relaxed the rule in that case, allowing the creditors to be heard separately.

a surplus above his debts. Cf. In re Woodmar Realty Co., 7 Cir., 1957, 241 F.2d 768. We would not pursue this further, however; and, since no objection was raised to the petition for review in the court below, we will allow this appeal as to both appellants.

Turning to the merits, we consider appellants' sole contentions that the property in question was improperly released by the order of the referee in bankruptcy and that the bankruptcy court has full power to recapture an asset so released from a third person who purchased with full knowledge of the bankruptcy proceedings. The trustee's petition for recapture of the asset charged, among other things, that Oak Park was guilty of a fraud upon the court below by falsely representing that it would protect the bankrupt estate's interest in the state foreclosure proceedings but instead bidding the property at the exact amount of the decree and then selling it to the other appellees for a sum believed to be vastly in excess of that amount (contrary to Oak Park's allegation that the property was sold to the Venetuccis without profit to it). It was also contended that the order of November 29, 1955 allowing the release of the asset was entered without notice to the interested parties, without a disclaimer by the trustee in bankruptcy, without an investigation to determine if there was an equity in the property or a finding that there was no such equity, and without consent of the creditors for disclaimer by the trustee.

██ We are mindful that there was no appeal from the referee's order of November 29, 1955, which allowed release of the property for foreclosure in the state court, and agree with the referee in bankruptcy that the order is not now subject to review.[3] A petition for review of a referee's order must be filed within ten days after entry of such order. 11 U.S.C.A. § 67, sub. c; Bookey v. King, 9 Cir., 1956, 236 F.2d 871, 874–875. Further, an examination of the record clearly shows that there is no evidence of fraud on the part of the appellees and the referee so concluded.[4] A very similar case on its facts is Allen v. Watkins, 5 Cir., 1956, 234 F.2d 925, in which certain land was, as here, released by the bankruptcy court for foreclosure in the state court. The evidence in that case showed that the mortgagee made the only bid on the property at the sale and that bid was for the amount of the indebtedness. He later sold the property at an $18,000 profit to himself. Although a much stronger case than the instant one was thus presented, the Court of Appeals for the Fifth Circuit affirmed the findings and conclusions of the referee and bankruptcy court that no fraud was involved, held that the

3. The referee indicated at the hearing below on the petition to recapture the asset that: "The order [of November 29, 1955] was entered, and everybody knew about the order. I am not reviewing the order now." His conclusion of law Number 1 states in part: "That all parties acquiesced in such order by litigating in the State Court and the order is not now open to question * * *."

4. At the hearing on the petition to recapture the asset the following colloquy occurred:
"The Court: * * * I understand your contention here is that the Oak Park National Bank committed a fraud.
"Mr. Owens [counsel for appellants]: No.
"The Court: That is your charge.
"Mr. Owens: No.
"Mr. Scalise: You said that, counsel.

"The Court: Your charge is that they made fraudulent representations as to the value of this property and deceived everybody.
"Mr. Owens: In their complaint to foreclose they stated this property was scant security for the debt, which was the usual clause, which was not true, because they had in their own files, and I have with me this morning a copy of an appraisal made by the Oak Park Bank at the time they made the mortgage, which was back in 1953, and the appraisal was forty thousand dollars, and at the time that the property was in the course of foreclosure there was an appraisal filed of that property in the amount of forty-six thousand five hundred dollars."
It cannot be seriously contended that such representations that the property was "scant security" constituted fraud and appellants' attorney did not, obviously, press the point.

referee had released the asset in exercise of his sound discretion, and denied the trustee's petition for recovery of the $18,000 equity.

█ Apart from any question of fraud, appellants contend that the bankruptcy court was without jurisdiction to release real estate to a state court for the purpose of mortgage foreclosure without an affirmative finding supported by evidence that the real estate was of a burdensome nature and without giving notice to the creditors and obtaining a disclaimer from them; and that without such finding and disclaimer the order of the referee was totally void and not merely voidable.

Appellant relies primarily upon Isaacs v. Hobbs Tie & Timber Co., 1931, 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645, and In re Glenn, D.C.W.D.S.C.1932, 2 F.Supp. 579, as well as the several cases discussed in the latter case. There is nothing in the two cases to support the contention that the order entered in this proceeding was totally void, however, since procedurally those cases are entirely unlike the instant one. The Hobbs case involved a suit brought by a trustee to enjoin a foreclosure proceeding in the state court and the Glenn case concerned a timely petition for review of a "referee's report concerning sale of mortgaged realty of bankrupt's estate and disposition of proceeds." In re Glenn, supra, 2 F.Supp. at page 580.

█ Further, we find no merit in the argument that the order entered by the referee releasing the asset for foreclosure was void because of an alleged improper exercise of his discretion. That the court in bankruptcy has the discretion, in disposing of the bankrupt's property, to allow foreclosure in the state court by the mortgagee cannot be questioned; and, indeed, the Hobbs case is authority for the existence of such discretion.[5] To the same effect are Thompson v. Magnolia Petroleum Co., 1940, 309 U.S. 478, 483, 60 S.Ct. 628, 84 L.Ed. 876; Allen v. Watkins, 5 Cir., 1956, 234 F.2d 925; Poinsett Lumber & Mfg. Co. v. Drainage Dist. No. 7, 8 Cir., 1941, 119 F.2d 270, 272; and Sherman v. Buckley, 2 Cir., 1941, 119 F.2d 280. As the Court of Appeals for the Fifth Circuit pointed out in Allen v. Watkins, supra, 234 F.2d at page 928:

"It is well established that, upon adjudication of bankruptcy, title to the land belonging to the bankrupt vests in the Trustee as of the date of the filing of the petition. Jurisdiction to determine the foreclosure procedure, that is, who shall sell the property, is then within the discretion of the bankruptcy court and it may adopt one of several courses in disposing of the property. Isaacs v. Hobbs Tie & Timber Co., 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645; Allebach v. Thomas, 4 Cir., 1927, 16 F. 2d 853. The Referee chose the method of foreclosure to be conducted outside of court by the mortgagee with the provision that any excess from the sale be turned over to the Trustee."

Similarly in this case the referee, in the exercise of his discretion chose to allow the release of this property for foreclosure.[6] Since there was no petition for review from the order allowing the release, and since no objections were

5. The court in the Hobbs case in discussing the grant of an injunction against foreclosure proceedings stated that the reason for such a grant of an injunction is that the courts in which the foreclosure proceedings are instituted are "without jurisdiction, after adjudication of bankruptcy, to deal with the land or liens upon it *save by consent of the bankruptcy court.*" (Emphasis added.) Isaacs v. Hobbs Tie & Timber Co., supra, 282 U.S. at pages 738–739, 51 S.Ct. at page 272.

6. In Allen v. Watkins, supra, 234 F.2d at pages 927–928, the court pointed out that since the referee had *no report from the trustee and no appraisal* he had no facts on which to enter an order of disclaimer. The referee therefore treated the petition by the mortgage holder as one for authority to foreclose a lien and "in the exercise of his own sound judgment, as is made clear by his specifically rejecting the proposition in the petition that he enter an order for disclaimer * * *" he allowed that petition.

ever raised to the foreclosure proceeding and no attempt made to enjoin such proceeding, we will not now, after the completion of the sale and in the absence of any evidence of fraud, allow, by indirection, a review of the referee's order.

We hold that the court in bankruptcy did not err in affirming the referee's order denying the petition for recapture of the asset and vacating the restraining order previously entered.

The judgment of the district court is Affirmed.