426 F.2d 1189
 In the Matter of INSULATION & ACOUSTICAL SPECIALTIES COMPANY, Inc.
Woodrow W. BENNETT, Wilbur M. Tomlinson, Henry H. Smith,
Geneva Willey and Hubert C. Swanson, Assignees, Appellants,
v.
George V. AYLWARD, Jr., Trustee in Bankruptcy, Gustin-Bacon
Manufacturing Company, Insulation & Acoustical
Specialties, Inc., Bankrupt, and Philip
Carey Manufacturing Company, Appellees.
 No. 19891.
 United States Court of Appeals, Eighth Circuit.
 May 8, 1970.
 
 Roy P. Swanson, of Swanson Midgley, Jones, Eager & Gangwere, Kansas City, Mo., for appellants.
 Larry L. McMullen, of Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., for appellees; William H. Sanders and David C. Trowbridge, Kansas City, Mo., on the brief.
 Before MATTHES, LAY and HEANEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 On October 7, 1966, the Referee in bankruptcy entered an order, without notice to creditors, authorizing the sale and transfer of a life insurance policy, issued by Sun Life Assurance Co. of Canada on the life of James B. Anchors, president of the bankrupt corporation. At the time of the sale, the policy's cash surrender value of $1,723.60 was paid into the bankrupt's estate by the assignees who had originally invested in the bankrupt corporation. At the time of their investment, they were told they would be the beneficiaries of the policy. However, they later discovered that the corporation itself was the beneficiary. The face amount of the policy was $50,000. At the time of the sale, the Referee was unaware of the insured's terminal disease. Mr. Anchors died on April 10, 1967. On April 22, 1968, on motion of Gustin-Bacon Mfg. Co., the largest single creditor,[1] the Referee set aside his earlier order approving the sale. The Referee ruled that the sale was in violation of 58(a) (4) of the Bankruptcy Act, 11 U.S.C.A. 94(a)(4), in that no notice was given to the creditors at the time of the earlier sale. Upon certification to the district court, the Honorable John W. Oliver presiding, the Referee's decision to set aside the sale was approved. This appeal followed. We affirm.
 
 
 2
 The district court held (1) that the amount of $1,723.60, received by the estate for transfer of the $50,000 policy to the assignees, was grossly inadequate in view of the insured's illness and the nonforfeiture provisions of said policy; (2) that under Rule 52(a) of the Fed.R.Civ.P., the findings of fact of the Referee were not clearly erroneous; (3) that the provisions of the statute and General Order require mandatory notice to the creditors as well as the appointment of a disinterested appraiser, upon sale of any asset of the bankrupt's estate; neither requirement was carried out in this instance; and (4) that the custom and practice by the bankruptcy Referee of not giving notice cannot prevail over the requirements of statutory notice of 'all proposed sales of property' to the 'list of creditors of the bankrupt.'
 
 
 3
 Judge Oliver's unreported opinion of July 24, 1969, adequately discusses the governing facts and law involved. The requirement of the 10 day notice under 58(a)(4) is mandatory unless 'cause' is shown. The Tenth Circuit observed in Mason v. Ashback, 383 F.2d 779, 780 (10 Cir. 1967), as follows:
 
 
 4
 'There were no creditors present at the time of bidding nor is there any indication they were given notice of the procedure. 'The sale was wholly illusory. The action of the trustee in petitioning for leave to make the sale and the order of the referee directing the sale were clearly improvident and worked a legal fraud on the creditors."
 
 
 5
 Judgment affirmed.
 
 
 
 [1]
 Other creditors of the bankrupt joined in the objection to the sale: Philip Carey Mfg. Co., National Gypsum Co., Commercial Union Ins. Co. of N.Y., Arno Adhesive Tapes, Inc., Goodson Steel Corp., Morris S. Fogel and National Cork Co