In the Matter of Joe McArthur **WHITE**, Bankrupt.

James **DAMROW**, Petitioner,

v.

Joe McArthur **WHITE**, Respondent.

No. 71–B–472.

United States District Court,
E. D. Wisconsin.

Dec. 22, 1971.

Jerome F. Pogodzinski, Milwaukee, Wis., for bankrupt.

Donald H. Mueller, Milwaukee, Wis., for Damrow.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

This action is before this court upon the bankrupt's petition for a review of an order of the referee in bankruptcy dated September 30, 1971.

On August 10, 1971, the referee filed a written opinion in which he determined that a state court judgment in favor of Mr. Damrow and against the bankrupt is not dischargeable under the provisions of § 17a(8) of the Bankruptcy Act (11 U.S.C. § 35(a) (8)); he also held that Mr. Damrow is entitled to judgment in accordance with § 17c(3) of the Act (11 U.S.C. § 35(c) (3)). The final sentence of the referee's opinion states, "Counsel may present a judgment in accordance with this decision, after submitting it to opposing counsel for approval as to form."

On August 13, 1971, the attorney for Mr. Damrow sent a letter to counsel for Mr. White in which he stated, in part:

"Enclosed please find copy of Order for your examination in the above-en-

titled matter with respect to the Court's recent opinion dated August 10, 1971. The original of the Order will be presented to the Court on Monday, August 16, at 11:30 A.M. If you have any objection to the entry of this order, would you kindly contact the Court and indicate your disapproval of the same.

"Also enclosed please find copy of Notice of Taxation of Costs with a memorandum of costs and disbursements attached."

On August 16, 1971, the order was signed by the referee and, on August 17, 1971, a judgment in conformity with the order was entered by the clerk of court. On September 10, 1971, counsel for Mr. White filed a notice of appeal to the court of appeals from the August 16th order; the appeal was dismissed by that court, pursuant to Rule 12(c), Federal Rules of Appellate Procedure, on December 14, 1971.

On September 21, 1971, Mr. White petitioned the referee to strike the judgment entered on August 17, 1971, and submitted a proposed judgment to be "entered as the judgment in this case"; in addition, he asked the referee to file a petition for review of the proposed judgment with the district court. On September 30, 1971, the referee denied the bankrupt's application to vacate the August 17th judgment and, on the same day, the bankrupt filed the petition for review which is now before this court.

In his brief in support of his petition for review, the bankrupt states that, to date, "counsel for the creditor has not submitted a judgment in accordance with the opinion [of the referee of August 10, 1971] nor has he presented a judgment to the Referee for his signature." He argues that the August 17, 1971, judgment "was entered both by a clerical mistake and also is void because it was not presented for approval prior to entry." Finally, Mr. White contends that he is entitled to relief pursuant to Rule 60(a) and (b) (1) and (4), Federal Rules of Civil Procedure.

At the outset, I am of the opinion that Rule 60(a) is inapplicable in the instant action for, where "the intention of the court is 'evident' and 'apparent' . . . no grounds exist for amendment under Rule 60(a)." Edwards v. Velvac, 19 F.R.D. 504, 506 (E. D.Wis.1956). In addition, some question has been raised as to the applicability of Rule 60(b) to bankruptcy actions —at least with respect to the one-year period within which the motion must be brought when subsections (1), (2), and (3) of the rule are used as the basis for the motion. See Grand Union Equipment Co. v. Lippner, 167 F.2d 958, 961 (2d Cir. 1948); 7 Moore's Federal Practice ¶60.18[7] (1971). However, the present petition appears to be timely and, as stated in Stern v. Barnett, 452 F.2d 211 (7th Cir. 1971):

"The Federal Rules of Civil Procedure by virtue of Rule 81 did not apply to bankruptcy matters except insofar as they might be made applicable thereto by rules promulgated by the Supreme Court. General Order 37, effective February 13, 1939, however, provided that in proceedings under the Bankruptcy Act the Federal Rules of Civil Procedure should, 'Insofar as they are not inconsistent with the Act or with these general orders, be followed as nearly as may be.'"

See also Crosby v. Mills, 413 F.2d 1273, 1275 (10th Cir. 1969).

Rule 60(b) provides, in part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . (4) the judgment is void . . . (6) any other reason justifying relief from the operation of the judgment."

In his order of September 30, 1971, denying Mr. White's petition to strike the judgment, the referee stated that "the bankrupt is barred from challenging the judgment by expiration of the

10-day period provided for in § 39c of the Bankruptcy Act." However, in his brief in support of his petition for review in this court, the bankrupt avers that since August 17, 1971, "no copy of the judgment has ever been served upon counsel for the bankrupt nor has any notice been given that a judgment had been entered until September 10, 1971, when an appeal from said judgment was taken to the Court of Appeals for the 7th Circuit"—although this latter argument is somewhat attenuated by the fact that it was the bankrupt who filed the notice of appeal.

The record does not disclose why counsel for the creditor submitted a proposed order for the bankrupt's approval instead of a proposed judgment as requested by the referee in his opinion of August 10, 1971. It is my opinion, however, that the bankrupt cannot claim that the order was signed without his knowledge, for the letter from the attorney for the creditor stated that the order would be presented to the referee at a specific time; the letter also asked the attorney for the bankrupt to indicate any disapproval of the form of the order prior to the time that it would be presented for signature. Furthermore, § 39c of the Bankruptcy Act (11 U.S.C. § 67(c)) provides that review must be sought within 10 days after the entry of an *order* of the referee; if no review is sought or if no extension is granted within the 10-day period, "the order of the referee . . . [becomes] . . . final." See Biggs v. Grace, 302 F.2d 318, 320 (7th Cir. 1962); In re Tyne, 261 F.2d 249, 252 (7th Cir. 1958).

It is undisputed that no review was sought by the bankrupt within 10 days after the entry of the order on August 16, 1971. Furthermore, the bankrupt does not argue that the order was not in conformity with the referee's opinion or that the judgment of August 17th was not in accordance with the terms of the order. While the period for review or appeal in other cases or circumstances may also run from the date of the entry of judgment, it is my opinion that § 39c of the Bankruptcy Act bars review of the order signed by the referee on August 16th. It thus is immaterial that the judgment was entered without the bankrupt's approval.

It is my conclusion that the order signed by the referee on August 16, 1971, has become final and that the bankrupt is not entitled to relief from the judgment entered on August 17th. See Standard Brass Corp. v. Farmers Nat'l Bank, 388 F.2d 86, 90 (7th Cir. 1967). "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." Flett v. W. A. Alexander & Co., 302 F.2d 321, 324 (7th Cir. 1962). I am persuaded that no "exceptional circumstances" are present in the case at bar.

Therefore, it is ordered that the order of the referee in bankruptcy dated September 30, 1971, be and hereby is affirmed.