**In the Matter of FIRST BAPTIST CHURCH, INC., etc., et al., Bankrupt.**

**R. Emmett McTIGUE, Appellant,**

v.

**AMERICAN SAVINGS & LOAN ASSOCIATION OF FLORIDA, Appellee.**

**No. 77–1570**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Dec. 9, 1977.

* Rule 18, 5th Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5th Cir. 1970, 431 F.2d 409, Part I.

Joe Easthope, Fort Lauderdale, Fla., for appellant.

Thomas H. Wakefield, Miami, Fla., for appellee.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

RONEY, Circuit Judge:

The trustee in a proceeding for corporate reorganization under Chapter X of the Bankruptcy Act, 11 U.S.C.A. §§ 501 *et seq.,* sought to stay a state court mortgage foreclosure sale of real property because no notice was given to the creditors. He argued that Bankruptcy Rule of Procedure 203 required that notice of sale be given to all of the bankrupt's creditors. The district court denied the stay, finding Rule 203 inapplicable to sales conducted pursuant to state court orders. Although Rule 203 does not apply to reorganization proceedings, the notice to creditor rules that do apply to such proceedings do not require notice to creditors of state foreclosure sales. We affirm.

American Savings & Loan Association of Florida filed an action in state court to foreclose on real property owned by C.D.K. Corporation. C.D.K. subsequently petitioned for corporate reorganization under Chapter X. American's foreclosure suit was stayed. The bankruptcy court then

ordered the state foreclosure proceedings to resume with the addition of the trustee as a party, reserving jurisdiction to designate the time and manner of the foreclosure sale. The state proceedings resulted in a foreclosure order against the debtor. Upon reconsideration of the reserved matters, the bankruptcy judge authorized the state court to proceed with the sale, reserving only the authority to review the sale results before the issuance of a title certificate. The trustee then unsuccessfully moved the bankruptcy court to stay the sale, contending among other things that the court was required by Rule 203 to give all creditors 10 days' notice of the sale. The bankruptcy judge interpreted Rule 203 to apply "solely to sales conducted by and under the auspices of the bankruptcy court." The district court affirmed. The property was sold. The certificate of title issued. The trustee appeals.

■ American first suggests that the failure of the trustee to send the notice, if it was required, has become moot because title has vested in the purchaser at the foreclosure. This argument overlooks the fact that a sale without a required Rule 203 notice may be set aside. *See Wolverton v. Shell Oil Co.,* 442 F.2d 666 (9th Cir. 1971); *In re Insulation & Acoustical Specialties Co.,* 426 F.2d 1189 (8th Cir. 1970); 3 *Collier on Bankruptcy* ¶ 58.09[2], at 515–16 (14th ed. 1976).

The trustee loses this appeal on the merits, however, for two reasons. *First,* Bankruptcy Rule 203 does not apply to Chapter X reorganization proceedings. *Second,* the proper notice requirements for Chapter X proceedings do not apply to state foreclosure sales.

■ Bankruptcy Rule 203, which is in essence a restatement of § 58(a) of the Bankruptcy Act, 11 U.S.C.A. § 94(a), provides that "the court shall give all creditors at least 10 days' notice by mail of . . . (2) any proposed sale of property, including the time and place of any public sale, unless the court for cause shown shortens the time or orders a sale without notice . . . ." The notice mandated by § 58(a) and Rule 203 is intended to afford creditors in an ordinary bankruptcy liquidation an opportunity to express their views on the propriety of the sale. Rules Bankr. Proc. Rule 203 (advisory committee notes). This rule does not apply to Chapter X proceedings. As noted in 6 *Collier on Bankruptcy* ¶ 3.39[1] n.2 (14th ed. 1977):

> In view of §§ 120 and 207 [dealing with designation by the bankruptcy judge of the elements of notice in Chapter X reorganizations], as well as the many specific provisions for notice in Chapter X, it is clear that the provisions of § 58a, b, c, d, and e are inapplicable under the chapter, as inconsistent and in conflict therewith, unless and until bankruptcy liquidation is ordered. . . . Sections 120 and 207 and the rules adapted therefrom are designed to permit the adaptation of notice to the needs of the particular matter at hand, to the extent that Chapter X does not prescribe what must be done. Section 58 is designed for use in liquidation cases and would not operate satisfactorily or efficiently if applied in a corporate reorganization case. (citation omitted).

This reasoning applies with equal force to Rule 203, which is merely a restatement of § 58.

Further evidence that Rule 203 was not intended to apply in Chapter X proceedings is provided by the presence of Chapter X Rule 10–209, which "collects the provisions for notice specifically applicable to creditors and stockholders in Chapter X cases." Rules Bankr. Proc. Rule 10–209 (advisory committee notes). The Chapter X Rules do incorporate selected Bankruptcy Rules by reference, rather than repeating the Bankruptcy Rules within the Chapter X Rules. Rules Bankr. Proc. Rule 10–2 (advisory committee notes); 13 *Collier on Bankruptcy* ¶ 10–2.02 (14th ed. 1976). Chapter X Rule 10–209 contains no reference, however, to Bankruptcy Rule 203.

■ In contrast to ordinary bankruptcy cases, both the filing (Rules Bankr. Proc. Rule 10–601) and the approval (11 U.S.C.A. § 548) of a Chapter X petition for corporate reorganization automatically stay pending mortgage foreclosure suits. Additionally, the reorganization judge has discretionary authority in regards to the stay of state court mortgage foreclosures. *See* 11 U.S.C.A. §§ 513, 516(4); *Mongiello Bros. Coal Corp. v. Houghtaling Properties, Inc.*, 309 F.2d 925 (5th Cir. 1962). This power is an essential complement of the Chapter X court's obligation to preserve the *status quo* in order to afford interested parties a reasonable opportunity to formulate and implement a plan designed to mend the debtor's failing financial structure. The judge has, however, discretionary authority to permit the mortgage foreclosure to proceed in the state court. *See, e. g., Mangus v. Miller,* 317 U.S. 178, 63 S.Ct. 182, 87 L.Ed. 169 (1942) (ordinary bankruptcy); *Thompson v. Magnolia Petroleum Co.,* 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed.2d 876 (1940) (reorganization); *Coral Gables First Nat'l Bank v. Constructors of Florida, Inc.,* 299 F.2d 736 (5th Cir. 1962) (reorganization); *Allen v. Watkins,* 234 F.2d 925 (5th Cir. 1956) (ordinary bankruptcy).

■ The court having permitted the foreclosure sale to proceed in state court, the question is whether notice to creditors of the state foreclosure sale was mandated by federal law pertaining to corporate reorganizations. It appears clear that once the foreclosure procedure is committed to the state court, no federal notice provisions apply. "[I]f, in the exercise of its discretion, the reorganization court permits a submission of a matter to another proper court in any case, that court has jurisdiction of all the incidents of the litigation within its scope, and the judgment thereon is binding on the trustee, receiver or debtor in possession as the case may be." 6 *Collier on Bankruptcy* ¶ 3.08, at 460 (14th ed. 1977), *citing Brown v. Gerdes,* 321 U.S. 178, 64 S.Ct. 487, 88 L.Ed. 659 (1944).

The Chapter X Rule pertaining to sales of the debtor's property provides: "The court may, on such notice as it may direct and for cause shown, authorize the trustee, receiver, or debtor in possession to lease or sell any real or personal property of the debtor, on such terms and conditions as the court may approve." Rules Bankr. Proc. Rule 10–607(b). Rule 10–209(b)(4) requires the trustee or debtor in possession to give all creditors, stockholders, and indenture trustees no less than 20 days' notice of "any proposed sale of property, other than in the ordinary course of business, . . . unless the court for cause shown shortens the time or orders a sale without notice."

■ Although Rule 10–209(b)(4) states that notice shall precede "any proposed sale," it seems clear that the requirement was intended to apply only to sales conducted by the trustee or debtor in possession pursuant to an order under Rule 10–607(b). First, Rule 10–209(b)(4) places the burden of providing the required notice on the party conducting the sale ordered under Rule 10–607(b), the trustee or debtor in possession. Second, Rule 10–209(b)(4) permits sales "in the ordinary course of business" to be made without notice to interested parties. This rule indicates that the scope of the notice rule is limited to sales conducted by one in charge of the continued operation of the debtor's business. The notice provisions would therefore not apply to sales conducted by state officers in state court foreclosure proceedings.

AFFIRMED.